Anthony Thomas Wolder, Plaintiff-Appellee, v. Evelyn Mildred Wolder, Defendant-Appellant.

Gen. No. 48,153.

First District, First Division.

March 27, 1961.

Edwin T. Breen and William Brumlik, of Chicago, for appellant.

Walter C. Wellman, of Chicago, for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

This is an appeal by defendant from a denial of a motion to vacate a divorce decree entered ex parte.

The complaint for divorce filed on March 2, 1959, by Anthony Wolder, charged his wife with extreme and repeated cruelty. Defendant in her sworn answer denied the charges and alleged that she was forced to defend herself from acts of cruelty inflicted on her by plaintiff.

On April 29, 1959, an order was entered requiring plaintiff to pay $35.00 per week for defendant's support and $150.00 for temporary attorney's fees, after a hearing by the trial court upon the sworn petition of defendant. Subsequently there was a dispute between the parties in regard to possession of the Buick automobile, and later a request by defendant for May and June rent which was denied on June 24, 1959. On January 15th, 1960, a decree for divorce was entered in favor of plaintiff, reciting inter alia that said cause was heard as a default matter after due notice was given defendant in the Chicago Daily Law Bulletin.

On February 8, 1960, the defendant filed a sworn petition to vacate the decree alleging that she had filed an answer denying the charges for divorce and that she first learned of the divorce on January 27, 1960; defendant alleged she had not been so advised by the attorneys representing her and asked that the decree be set aside and the cause be heard as a con-

tested matter. The affidavit of defendant's attorneys supporting the petition recited in part: that they had been actively engaged in representing their client for a long period of time; that they had no knowledge of the default hearing until January 27, 1960; that the Chicago Law Bulletin did not show the cause under the name of Wolder; that the Chief Clerk of the Superior Court advised them on January 13, 1960, that the records did not disclose that said cause was set for trial for any specific date; and that the defendant has a good and meritorious defense to the action.

Plaintiff filed an answer and motion to dismiss the petition to vacate which, among other things, asserted: that the attorneys for defendant were negligent in not following the trial calls of the contested calendar; that the contested divorce call was announced in the Chicago Daily Law Bulletin for several months prior to the time the case was set for trial; that the case was duly announced under its proper calendar court number, but through a printing error it was listed as "Walder" instead of "Wolder"; and that the negligence of defendant's attorneys in failing to follow the court call as published in the Chicago Daily Law Bulletin on several different dates was negligence attributable to defendant and therefore the petition to vacate should be denied. The trial court in denying the petition to vacate found that the petition was insufficient in law and that defendant failed to show diligence in defending the cause. This finding followed a recital by the court that the petition to vacate and the answer and motion to dismiss, as well as evidence, were presented to the court for its consideration.

The motion to vacate was made within 30 days of the entry of the decree, under Ill. Rev. Stat. 1959, Ch. 110 § 50(6). This section allows a court, in its discretion, to set aside any final order, judgment, or decree on motion made within 30 days of its entry upon any terms and conditions that shall be reasonable. Defend-

ant's sworn denial of the allegations of the complaint would constitute a good defense to the divorce action, if true, so that the main question before us is whether the trial court abused its discretion in refusing to allow defendant to defend on the merits because of her attorneys' failure to ascertain the trial date of her case.

■ Whether such inexcusable neglect exists as should bar this defendant from an opportunity to defend on its merits has turned largely on the facts of the individual case. However, our courts have been liberal in setting aside defaults entered at the same term so that controversies might be determined according to the substantive rights of the parties. See In re Estate of Hoyman, 27 Ill.App.2d 438, 170 N.E.2d 25; Widicus v. Southwestern Elec. Cooperative, 26 Ill.App. 2d 102, 167 N.E.2d 799; Dillon v. Nathan, 10 Ill.App.2d 289, 135 N.E.2d 136; Busser v. Noble, 8 Ill.App.2d 268, 131 N.E.2d 637.

In considering a petition to vacate a default divorce decree, the question of a meritorious defense was held to be of greater importance than the question of diligence or the lack of it. Davies v. Davies, 6 Ill.App.2d 8, 126 N.E.2d 160. In the recent case of In re Estate of Hoyman, 27 Ill.App.2d 438, 170 N.E.2d 25, the well reasoned opinion on the question of vacating defaults recited:

"It goes without saying that carelessness in responding to the call of cases can impede the administration of justice, but on the other hand, in a metropolitan area with its multitude of courts, the most diligent lawyer can be confronted, through slight error or confusion on the part of himself or a clerk, with a serious default against his client. In such a case, entry of a default is too harsh a punishment for the failure. We also take notice of the fact that petitioner's attorneys are located

> within the central business district, five or ten minutes walk from the courthouse, and that a telephone call would undoubtedly have produced quick action on their part. It is in that light that we must view the case before us."

The court's statement in the Hoyman case is even more applicable to the present case where the "punishment" for "slight error or confusion" would be the dissolution of a marriage, especially since the State is regarded as a "third party" to divorce suits due to its interest in the preservation of the marriage, Collins v. Collins, 14 Ill.2d 178, 151 N.E.2d 813.

██ In our case, plaintiff's attorney was quite aware that the divorce was contested. Although the court and attorneys' offices are located within the central business district, plaintiff's attorney did not try to reach defendant's attorneys when they failed to answer the trial call of the contested calendar on December 15th. A simple glance in the court file by the trial judge would have revealed the many court appearances of the parties, disclosing a contested matter. A postal card mailed by the court's clerk or a phone call to defendant's attorneys by the court's bailiff on the date the case was called for trial would, in our opinion, have obviated the necessity of hearing this cause as a default matter. Upon the facts in this case, we think the defendant should be allowed to defend the suit for divorce on its merits, and that the trial court erred in refusing to vacate the default decree.

For the reasons stated above, the order of the trial court denying defendant's motion to vacate is reversed and the cause is remanded with directions to the trial court to vacate the default decree and to hear and decide the issues upon the merits.

Reversed and remanded with directions.

KILEY, P. J. and MURPHY, J., concur.