FIFTH DIVISION

No. 1-07-1502

| | | |
|---|---|---|
| INGRID JACKSON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | |
| | ) | |
| LEONARD BAILEY, | ) | Honorable |
| | ) | Moira S. Johnson, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE O'MARA FROSSARD delivered the opinion of the court:

Defendant Leonard Bailey appeals from a decision of the circuit court denying his motion to vacate a judgment for $9,000 in favor of plaintiff Ingrid Jackson entered on an arbitration award. He contends that the trial court abused its discretion by not vacating the judgment because he did not receive proper notice of the arbitration hearing.

In July 2005, plaintiff sued defendant for personal injuries allegedly arising from defendant's negligence in operating a vehicle that collided with plaintiff's vehicle in August 2004.

Defendant appeared pro se in October 2005 and the case was assigned to mandatory arbitration.

In May 2006 defendant sought to continue the arbitration hearing on the grounds that the Chicago park district (District), his employer at the time of the incident, had just received the

case, was considering representing him, and required preparation time. The motion was granted and the arbitration hearing of May 18 was stricken. Counsel for the District filed an additional appearance for defendant in May 2006 that included the District's present address. (The District moved its headquarters, including counsel, in 2002).

On October 11, 2006, the arbitration hearing was held and an award was issued in plaintiff's favor for $9,000. The award stated that defendant did not participate in good faith because he did not attend the arbitration hearing, either in person or through counsel. The award was filed with the court on November 13.

Also on November 13, 2006, defendant filed a pro se motion to vacate the arbitration award, claiming that he missed the arbitration hearing due to misdirected mail. On November 22, 2006, the motion was stricken.

On December 12, 2006, the court entered judgment on the arbitration award.

Defendant, through the District's counsel, timely filed a motion to vacate the judgment. He alleged that the District did not receive notice of the new arbitration hearing date of October 11 until after the award was reduced to a judgment. Attached to the motion was the District counsel's affidavit to the above effect, a letter from plaintiff's counsel to the District's counsel (at the correct address) informing him of the judgment, notice of the award sent to the District's previous address and to defendant's home address, and an envelope from the clerk of the court to the District, sent to the previous address and returned to sender as undeliverable.

Plaintiff responded to the vacatur motion, arguing that any misdirection of the arbitration hearing notice was due to the District's counsel's failure to inform the court clerk of the

District's new address, noting that there was no indication when the District moved and no indication of a change of address in the court file. Plaintiff argued that defendant personally knew of the arbitration hearing because he filed a pro se vacatur motion before judgment was entered on the award. Also, plaintiff had sent defendant, at the District's counsel's proper address, an arbitration packet and a notice to appear and produce at the arbitration hearing.

Defendant replied in support of his vacatur motion, arguing that the District's counsel did not receive notice of the arbitration hearing at his correct address and that notice to a party is not sufficient when that party was represented by counsel with an appearance on file. Defendant also argued that default judgments are generally not favored and that the judgment should be vacated as a matter of fairness because his absence from the arbitration hearing was not due to his own negligence but the court clerk's misdirection of the hearing notice. Defendant noted that plaintiff's arbitration packet referenced the stricken May 2006 arbitration date and not the October 2006 hearing in question. He also noted that the District had been at its new address since 2002, well before the instant litigation.

The court held a hearing on the vacatur motion on March 12, 2007. The court noted that the records of the clerk of the court showed that postcard notice of the arbitration hearing had been sent. The District's counsel admitted that, while he moved in 2002, he did not change his address with the clerk until January 2007. However, counsel also stated that this case was the first instance of not receiving notice from the court at the correct address. When asked how he had followed the case since his May 2006 appearance, counsel stated that he waited for the clerk's postcard notice of the arbitration hearing. Following arguments of the parties, the court

1-07-1502

denied the vacatur motion. The court found that it is an attorney's responsibility to maintain a correct address with the clerk of the court for purpose of receiving notices. The court also found that, because defendant personally received notice of the arbitration hearing, he should have attended the hearing. This appeal timely followed.

On appeal, defendant contends that the trial court abused its discretion in denying his vacatur motion because he did not receive proper notice of the arbitration hearing.

Supreme Court Rule 91(a) governs absence from arbitration hearings and provides:

"The arbitration hearing shall proceed in the absence of any party who, after due notice, fails to be present. *** The failure of a party to be present, either in person or by counsel, at an arbitration hearing shall constitute a waiver of the right to reject the award and a consent to the entry by the court of a judgment on the award." 145 Ill. 2d R. 91(a).

Rule 91(a) is mandatory, so that a party who fails to appear at an arbitration hearing either in person or through counsel is automatically barred from rejecting the arbitration award, without further action of the circuit court. Moon v. Jones, 282 Ill. App. 3d 335, 337 (1996). Instead, Rule 91(a) provides that the absent party's remedy is to file a motion or petition to vacate the judgment under section 2-1301 or 2-1401 of the Code of Civil Procedure. 145 Ill. 2d R. 91(a), citing 735 ILCS 5/2-1301, 2-1401 (West 2006).

Whether to grant or deny a motion under section 2-1301 is within the sound discretion of the trial court, and its decision will not be reversed absent an abuse of discretion or a denial of

4

substantial justice. <u>Deutsche Bank National v. Burtley</u>, 371 Ill. App. 3d 1, 5-6 (2006). We may find an abuse of discretion only where no reasonable person would take the position adopted by the trial court; that is, where the trial court acted arbitrarily or ignored recognized principles of law. <u>Somers v. Quinn</u>, 373 Ill. App. 3d 87, 95-96 (2007). Whether substantial justice is being achieved by vacating a judgment or order is not subject to precise definition, but relevant considerations include diligence or the lack thereof, the existence of a meritorious defense, the severity of the penalty resulting from the order or judgment, and the relative hardships on the parties from granting or denying vacatur. <u>Mann v. Upjohn Co.</u>, 324 Ill. App. 3d 367, 377 (2001).

The supreme court rules regarding mandatory arbitration should be read in conjunction with each other and in harmony with the rest of the law. <u>Mrugala v. Fairfield Ford, Inc.</u>, 325 Ill. App. 3d 484, 491 (2001). Thus, a motion seeking relief from the mandatory effects of Rule 91(a) is governed by Rule 91(a) itself, under which vacatur is limited to instances where the party's failure to attend arbitration was inadvertent, as well as by section 2-1301 or 2-1401. <u>Mrugala</u>, 325 Ill. App. 3d at 489-90. Where a party was required to attend an arbitration hearing but failed to attend, that party has the burden of showing that his noncompliance was reasonable or the result of extenuating circumstances. <u>Government Employees Insurance Co. v. Smith</u>, 355 Ill App. 3d 915, 924 (2005).

Attorneys have a legal and ethical duty to act with reasonable diligence in representing their client's interests, including tracking their cases and learning the date upon which a hearing is to occur. <u>Tiller v. Semonis</u>, 263 Ill. App. 3d 653, 657 (1994). A party's lack of notice of the date of a hearing does not necessarily excuse the party's failure to appear at the hearing. <u>Tiller</u>, 263 Ill. App. 3d at 657. Thus, this court affirmed the denial of vacatur to a litigant who failed to

attend a mandatory arbitration hearing and claimed in his vacatur motion that counsel did not receive postcard notice of the hearing. Tiller, 263 Ill. App. 3d at 657.

Here, it is apparent from the record that the clerk of the court sent notice of the arbitration hearing to the parties but had on file as the District's address its old, pre-2002 address. The District's counsel admitted at the vacatur hearing that he did not correct the District's address with the clerk until several years after the District moved. Moreover, he admitted that it was his practice to simply await the arbitration notice from the clerk. On these facts, we find a notable lack of reasonable compliance or extenuating circumstances for defendant's absence, either in person or through counsel, from the arbitration hearing.

Defendant relies heavily on Wolder v. Wolder, 30 Ill. App. 2d 98 (1961). In Wolder, a default divorce decree was entered in plaintiff's favor, after notice was given in the Chicago Daily Law Bulletin, and defendant unsuccessfully filed a motion to vacate the decree. Wolder, 30 Ill. App. 2d at 99-100. This court reversed the denial of vacatur, noting that "our courts have been liberal in setting aside defaults" and that, "[i]n considering a petition to vacate a default divorce decree, the question of a meritorious defense was held to be of greater importance than the question of diligence or the lack of it." Wolder, 30 Ill. App. 2d at 101.

However, we deem Wolder distinguishable from the instant case, first and foremost because Wolder did not concern mandatory arbitration where, as stated above, Rule 91(a) governs as well as section 2-1301. While the Wolder court's concern was that default would deprive a party of a trial on the merits (Wolder, 30 Ill. App. 2d at 100-01), the mandatory arbitration "system is an alternative to trial where all issues raised by the parties are decided by the arbitration panel" (Mrugala, 325 Ill. App. 3d at 491). In other words, it was defendant's

6

absence from the arbitration hearing that thwarted a hearing on the merits.

Another point of distinction is that "carelessness in responding to the call of cases [that] can impede the administration of justice" was more understandable in <u>Wolder</u>, where it resulted from " 'slight error or confusion on the part of [counsel] or a clerk' " in the form of a misspelling of the parties' names in the court call as published in the Chicago Daily Law Bulletin.  <u>Wolder</u>, 30 Ill. App. 2d at 100-01, quoting <u>In re Estate of Hoyman</u>, 27 Ill. App. 2d 438, 442 (1960).  By contrast, the lack of notice here stemmed from the District's counsel's general failure to maintain an up-to-date address with the clerk of the court, without which the "postal card mailed by the court's clerk" posited by the <u>Wolder</u> court (<u>Wolder</u>, 30 Ill. App. 2d at 102) is useless, as shown palpably in the instant case.

For the aforementioned reasons, we conclude that the trial court did not abuse its discretion in denying defendant vacatur of the judgment for plaintiff on the arbitration award.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

FITZGERALD SMITH, P.J., and GALLAGHER, J., concur.

INGRID JACKSON,

Plaintiff-Appellee,

v.

LEONARD BAILEY,

Defendant-Appellant.

No. 1-07-1502

Appellate Court of Illinois
First District, FIFTH DIVISION

July 25, 2008

Justice Margaret O'Mara Frossard authored the opinion of the court:

Presiding Justice Fitzgerald Smith and Justice Gallagher concur.

Appeal from the Circuit Court of Cook County.
The Hon. Moira S. Johnson, Judge Presiding.

**Counsel for Defendant-Appellant**
Nelson A. Brown, Jr., Senior Counsel of the Chicago Park District, Chicago, IL 60605
GENERAL COUNSEL: Maria Garicia

**Counsel for Plaintiff-Appellee**
Lunz & Jersey, Chicago, IL 60602
OF COUNSEL: Robert E. Lunz

and

Kevin Quinn Butler, Chicago, IL 60661