# Illinois Official Reports

## Appellate Court

---

*CitiMortgage, Inc. v. Moran*, 2014 IL App (1st) 132430

---

| | |
|---|---|
| Appellate Court Caption | CITIMORTGAGE, INC., as Assignee of Union Federal Bank of Indianapolis, Plaintiff-Appellee, v. JOHN B. MORAN, Defendant-Appellant (John J. Reid III, Camille Reid, and the United States of America, Defendants). |
| District & No. | First District, Fifth Division<br>Docket No. 1-13-2430 |
| Filed | August 29, 2014 |
| Rehearing denied | April 3, 2015 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a mortgage foreclosure action, the trial court did not abuse its discretion by entering a default judgment against defendant while his motion to dismiss was pending but never set for a hearing, denying his motion to reconsider and to vacate the order of default, and in confirming the foreclosure sale and denying defendant's motion to vacate the confirmation, since the record showed defendant failed to exercise diligence, he had no meritorious claims, and plaintiff suffered substantial hardship as a result of defendant's unreasonable protraction of the litigation. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 10-CH-41637; the Hon. Jesse G. Reyes, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Theodore A. Woerthwein, John Miller, and Ashley Schwartz, all of Woerthwein & Miller, of Chicago, for appellant.

Ira T. Nevel and Greg Elsnic, both of Law Offices of Ira T. Nevel, LLC, of Chicago, for appellee.

Panel

PRESIDING JUSTICE GORDON delivered the judgment of the court, with opinion.
Justices Palmer and Taylor concurred in the judgment and opinion.

## OPINION

¶ 1        CitiMortgage, Inc., filed a complaint against John B. Moran (Moran),[1] John J. Reid III, and Camille Reid, seeking to foreclose a mortgage after they failed to make payments due on a note given in exchange for a loan from Union Federal Bank of Indianapolis (Bank). Basically, Moran argues that CitiMortgage did not produce a valid assignment of the note and mortgage, and claims that the trial court: (1) "lacked the discretion to enter an order of default against Moran when Moran had a pending motion to dismiss"; (2) erred by not vacating the order of default; and (3) erroneously confirmed the sale and refused to vacate the confirmation of the sale. For the following reasons, we affirm.

¶ 2                                    BACKGROUND

¶ 3        Moran filed in his brief before this court a half-page statement of facts giving the dates that he filed a motion to dismiss, that CitiMortgage presented its motions for a default order and to deny Moran's motion to dismiss, that the order of default was entered, that Moran filed a motion to vacate and the trial court denied the motion, that the trial court confirmed the sale, and that the trial court denied Moran's motion to reconsider the confirmation of the sale. Moran failed to provide this court with a transcript of proceedings or a bystander's report. CitiMortgage in its response brief filed no statement of facts. The background of this case will be taken from the complaint filed by CitiMortgage and the pleadings.

¶ 4        On August 24, 2001, the Reid defendants and Moran borrowed $281,327 from the Bank secured by a mortgage on residential property. The Bank assigned the note and mortgage to a nominee of CitiMortgage, Inc.

¶ 5        On September 24, 2010, CitiMortgage filed a complaint to foreclose the mortgage against defendants alleging that they were in default in the amount of $243,363.18 in unpaid principal and interest. The complaint states that a "copy of the assignment of the Mortgage and Note is attached." In the record on appeal, there is an assignment of the note and

_____

[1]Moran is the only defendant who appealed.

mortgage from the Bank to a nominee of CitiMortgage, all of which was attached to the complaint. The assignment states that Union Federal Bank "does convey, grant, sell, assign, transfer and set over the described mortgage/deed of trust together with certain note(s) described therein" to Mortgage Electronic Registration Systems, Inc., "as nominee for CitiMortgage."

¶ 6    On December 21, 2010, CitiMortgage filed a motion for an order of default against defendants for their failure to appear or otherwise plead. However, the record on appeal does not contain a resolution of that motion.

¶ 7    On June 30, 2011, CitiMortgage filed another motion for an order of default against defendants for their failure to appear or otherwise plead. Moran was granted until August 15, 2011, to file an appearance, answer or otherwise plead, but he did not file his appearance until August 17, 2011, and did so without leave of court.

¶ 8    On August 19, 2011, Moran filed a motion to dismiss the foreclosure complaint for lack of standing pursuant to section 2-619 of the Illinois Code of Civil Procedure (735 ILCS 5/2-619 (West 2010)), claiming that (1) CitiMortgage did not loan money to him and (2) that he received no assignment from Union Federal Bank because CitiMortgage did not have a valid assignment. However, Moran did not set the motion for a hearing.

¶ 9    On March 9, 2012, CitiMortgage moved for a hearing on Moran's motion to dismiss, claiming that Moran failed to call his motion for hearing within the designated time period under Rule 2.3 of the circuit court of Cook County rules. Rule 2.3 of the circuit court of Cook County places "[t]he burden of calling for hearing any motion previously filed *** on the party making the motion. If any such motion is not called for hearing within 90 days from the date it is filed, the court may enter an order overruling or denying the motion by reason of the delay." Cook Co. Cir. Ct. R. 2.3 (eff. July 1, 1976).

¶ 10   On May 4, 2012, the trial court entered an order of default against defendants and entered an order of foreclosure and sale. The record contains no evidence that Moran's motion to dismiss was adjudicated.

¶ 11   On June 4, 2012, Moran filed a motion to reconsider the default order and a motion to vacate the default under section 2-1301 of the Illinois Code of Civil Procedure (735 ILCS 5/2-1301 (West 2010)). Moran claimed that the trial court erroneously entered a default when his motion to dismiss was pending and that he was entitled to the opportunity to answer the complaint if the trial court denied his motion. The trial court denied the motion to reconsider and vacate on July 17, 2012.

¶ 12   On August 20, 2012, CitiMortgage filed a motion for an order confirming the sale, which occurred at a public auction on August 8, 2012, and for an order of possession against defendants. CitiMortgage was the highest bidder at the public auction and purchased the property for $298,064.52. On October 9, 2012, Moran filed a response to CitiMortgage's motion to confirm the sale, contesting the validity of the assignment and claiming that the "assignee of the Mortgage attached to the Complaint *** is [Mortgage Electronic Registration Systems]," not CitiMortgage.

¶ 13   On October 30, 2012, the trial court entered an order confirming the sale and possession to CitiMortgage and found that all claims of the defendants were terminated under section 15-1509(c) of the Illinois Code of Civil Procedure (735 ILCS 5/15-1509(c) (West 2010)).

¶ 14 On November 27, 2012, Moran filed a motion to reconsider the order confirming the sale, contesting the validity of the assignment and claiming that the "assignment is not to [CitiMortgage] but to [Mortgage Electronic Registration Systems] as nominee for Plaintiff." Moran also admitted in his motion to reconsider the order confirming the sale that CitiMortgage "pled in Paragraph 3(n) of the Complaint that it is the holder of the Note *** by virtue of an assignment attached to the Complaint as Exhibit C." The trial court denied this motion on June 28, 2013. This appeal follows.

¶ 15                                    ANALYSIS

¶ 16 On appeal, Moran seeks reversal of: (1) the order of default entered on May 4, 2012; (2) the denial on July 17, 2012, of his motion to reconsider and vacate the order of default; (3) the confirmation of the sale on October 30, 2012; and (4) the denial on June 28, 2013, of his motion to reconsider the confirmation of the sale. He argues that the trial court erred: (1) because it lacked discretion to enter an order of default against him due to his pending motion to dismiss, (2) by not vacating the order of default, and (3) by erroneously confirming the sale and then not vacating it.

¶ 17                                  I. Jurisdiction

¶ 18 "[T]he order confirming the sale *** operates as the final and appealable order in a foreclosure case." *EMC Mortgage Corp. v. Kemp*, 2012 IL 113419, ¶ 11. "At the hearing [to confirm the sale], a defendant may contest the sale's validity, though on limited grounds. [Citation.] Only after confirmation of the sale and payment of the purchase price may the purchaser obtain a deed." *EMC Mortgage Corp.*, 2012 IL 113419, ¶ 40.

¶ 19 Moran appeals from the denial of his motion to reconsider the confirmation of sale pursuant to Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994), which provides that "[e]very final judgment of a circuit court in a civil case is appealable as of right."

¶ 20 Therefore, this court has jurisdiction pursuant to Illinois Supreme Court Rule 301 to review (see *DLJ Mortgage Capital, Inc. v. Frederick*, 2014 IL App (1st) 123176, ¶¶ 1-3): (1) the order of default entered on May 4, 2012; (2) the denial on July 17, 2012, of Moran's motion to reconsider and vacate the order of default; (3) the confirmation of the sale on October 30, 2012; and (4) the denial on June 28, 2013, of Moran's motion to reconsider the confirmation of the sale.

¶ 21                              II. Standard of Review

¶ 22 Moran contests the trial court's order of default and order of confirmation. We review the entry of the order of default for abuse of discretion or denial of substantial justice. *Jackson v. Bailey*, 384 Ill. App. 3d 546, 548 (2008). "[A]n order of default is simply an interlocutory order that precludes the defaulting party from making any additional defenses to liability but in itself determines no rights or remedies." *Fidelity National Title Insurance Co. of New York v. Westhaven Properties Partnership*, 386 Ill. App. 3d 201, 211 (2007). An order of default "may be entered for want of an appearance, or for failure to plead" (735 ILCS 5/2-1301(d) (West 2010)) and is within the sound discretion of the circuit court to enter (*Wilkin Insulation Co. v. Holtz*, 186 Ill. App. 3d 151, 155 (1989)).

¶ 23    Courts have applied different standards when reviewing a vacation of an order of default. In *Jackson,* we held that "[w]hether to grant or deny a motion under section 2-1301 is within the sound discretion of the trial court, and its decision will not be reversed absent an abuse of discretion or a denial of substantial justice." *Jackson*, 384 Ill. App. 3d at 548. Similarly, in *Venzor v. Carmen's Pizza Corp.*, 235 Ill. App. 3d 1053, 1056 (1992), the court pointed out that the appellate court has used three different standards of review in vacating default judgments: (1) abuse of discretion, (2) denial of substantial justice, and (3) abuse of discretion, contingent on the denial of substantial justice.

¶ 24    An abuse of discretion occurs when "the ruling is arbitrary, fanciful, or unreasonable, or when no reasonable person would take the same view." *Bovay v. Sears, Roebuck & Co.*, 2013 IL App (1st) 120789, ¶ 26. In determining substantial justice, courts evaluate "the lack of diligence[,] *** the absence of a meritorious defense[,] *** [and] the severity of the penalty resulting from the entry of a default order and the relative hardships on the parties arising from a grant or denial of default." *Northern Trust Co. v. American National Bank & Trust Co. of Chicago*, 265 Ill. App. 3d 406, 412 (1994).

¶ 25    We also review the entry of the order of confirmation for abuse of discretion. *Household Bank, FSB v. Lewis*, 229 Ill. 2d 173, 178 (2008). An order of confirmation completes a sale of property. *Household Bank, FSB*, 229 Ill. 2d at 181. "The highest bid received by a sheriff at a judicial foreclosure sale is merely an irrevocable offer to purchase the property. The offer is not deemed to have been accepted and the sale is not complete until it has been confirmed by the circuit court." *Household Bank, FSB*, 229 Ill. 2d at 181. No matter what standard of review we use, our decision will be the same.

¶ 26                              III. Entry of the Default Order
¶ 27                              A. Default Order
¶ 28    Moran first argues that the trial court lacked the discretion to enter a default order when his motion to dismiss was pending. He relies solely on *Bland v. Lowery*, 43 Ill. App. 3d 413, 419 (1976), to argue that a motion is a pleading for section 2-1301 purposes and that filing a motion precludes an entry of a default order. However, *Bland* is not on point under the facts of this case.

¶ 29    In the case at bar, Moran filed a motion to dismiss that was not ruled upon; however, in *Bland*, the trial court considered and granted the defendants' motion to dismiss. *Bland*, 43 Ill. App. 3d at 415. In *Bland*, the defendants filed their motion to dismiss after the 30-day time period prescribed for pleading, and the trial court granted the defendants' motion to dismiss and denied the plaintiffs' motion for a default judgment. *Bland*, 43 Ill. App. 3d at 418-19. On appeal, the appellate court found that the trial court did not abuse its discretion in denying the plaintiffs' motion for a default judgment because "a default can be entered only for want of an appearance or failure to plead. Both defendants filed appearances and pleaded more than five months prior to the motion for [a] default judgment." *Bland*, 43 Ill. App. 3d at 419.

¶ 30    However, *Bland* is instructive in that it recognizes the validity of the defendants' motion to dismiss that was filed after the time period prescribed for pleading. "If a defendant is served with process and fails to enter an appearance, file pleadings or make any other response to plaintiff's complaint, the plaintiff may move for entry of a default judgment pursuant to section 2-1301 of the Code (735 ILCS 5/2-1301 (West 2008))." *American Service Insurance Co. v. City of Chicago*, 404 Ill. App. 3d 769, 778 (2010). In the case at bar, Moran

filed an appearance on August 17, 2011, two days late without leave of court, and then filed a motion to dismiss on August 19, 2011, in response to CitiMortgage's complaint, but never set the motion for hearing.

¶ 31                              B. Motion to Dismiss

¶ 32    To determine whether to reverse the order of default, we must evaluate the merits of Moran's motion to dismiss. We only reverse the entry of the order of default if the trial court should have granted Moran's motion to dismiss. See *Borowiec v. Gateway 2000, Inc.*, 209 Ill. 2d 376, 383 (2004).

¶ 33    CitiMortgage claims that we should presume that the trial court denied Moran's motion to dismiss because Moran failed to call his motion for hearing within the designated time period under Rule 2.3 of the circuit court of Cook County rules. Rule 2.3 of the circuit court of Cook County places "[t]he burden of calling for hearing any motion previously filed *** on the party making the motion. If any such motion is not called for hearing within 90 days from the date it is filed, the court may enter an order overruling or denying the motion by reason of the delay." Cook Co. Cir. Ct. R. 2.3 (eff. July 1, 1976). When the record is incomplete, a reviewing court presumes that the trial court acts "in conformity with the law." (Internal quotation marks omitted.) *Webster v. Hartman*, 195 Ill. 2d 426, 432 (2001).

¶ 34    However, in *Marshall E. Winokur, Ltd. v. Shane*, 89 Ill. App. 3d 551, 553-54 (1980), the plaintiff failed to call his posttrial motion for a hearing within 90 days after it was filed, as required under Rule 2.3 of the circuit court of Cook County rules. We found that "Supreme Court Rule 184 specifically provides that either party may call a motion for disposition before or after the expiration of the filing period. [Citations.] Failure on the part of plaintiff to call a motion for a hearing in no way impaired the validity of the motion. *** [P]laintiff is entitled to have a hearing on his [posttrial] motion." *Marshall E. Winokur, Ltd.*, 89 Ill. App. 3d at 553-54.

¶ 35    Thus, Moran's failure to call his motion for a hearing within the requisite time period did not preclude the trial court from hearing his motion to dismiss. *Marshall E. Winokur, Ltd.*, 89 Ill. App. 3d at 553-54. We continue on to an evaluation of the merits of Moran's motion to dismiss.

¶ 36    Moran filed a motion to dismiss the foreclosure complaint for lack of standing pursuant to section 2-619 of the Illinois Code of Civil Procedure (735 ILCS 5/2-619 (West 2010)), claiming that (1) CitiMortgage was not the real party in interest and (2) had no assignment from Union Federal Bank. Moran claims that CitiMortgage "filed suit without attaching an assignment from the mortgagor to the Plaintiff. [CitiMortgage] argues that there is absolutely nothing in the complaint either by way of exhibits or pleading that connects the mortgagor *** with [CitiMortgage, Inc.,] or with the loan trust *** on behalf of which [CitiMortgage, Inc.,] apparently claims to be acting."

¶ 37    However, CitiMortgage's complaint states that a "copy of the assignment of the Mortgage and Note is attached" and titled Exhibit C. In the record, there is an assignment of the mortgage and note from Union Federal Bank to a nominee of CitiMortgage. Additionally, in Moran's motion to reconsider the order confirming the sale, he admitted that CitiMortgage "pled in Paragraph 3(n) of the Complaint that it is the holder of the Note *** by virtue of an assignment attached to the Complaint as Exhibit C."

¶ 38    So first we must decide whether Moran's motion to dismiss should have been granted. Moran's motion is predicated on the claim that CitiMortgage did not have a valid assignment of the note and mortgage and as a result, had no standing to bring the suit. Lack of standing is an affirmative defense, and as such, it was Moran's burden to prove CitiMortgage did not have standing. *Lebron v. Gottlieb Memorial Hospital*, 237 Ill. 2d 217, 252 (2010). It is not CitiMortgage's burden to prove it does have standing. *Wexler v. Wirtz Corp.*, 211 Ill. 2d 18, 22 (2004); *Mortgage Electronic Registration Systems, Inc. v. Barnes*, 406 Ill. App. 3d 1, 6 (2010).

¶ 39    The record shows the note and mortgage, together with the endorsement indicated.[2]

¶ 40    In the modern banking world, few loans remain with the original lender. Banks freely buy, sell, and transfer mortgage loans. Still more loans are transferred because banks themselves merge with other banks or fail and are taken over by an existing financial institution selected by the Federal Deposit Insurance Corporation. Simply put, the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1101 *et seq.* (West 2010)) does not require the plaintiff to submit any specific documentation demonstrating that it owns the note or the right to foreclose on the mortgage, other than the copy of the mortgage and note attached to the complaint. Under section 3-301 of the Uniform Commercial Code (810 ILCS 5/3-301 (West 2010)), the party holding the note is presumed to own it.

¶ 41    Illinois law allows servicers and agents to be foreclosure plaintiffs on behalf of the actual mortgage holder. *Deutsche Bank National Trust Co. v. Gilbert*, 2012 IL App (2d) 120164, ¶ 15. The assignment of the mortgage and note here shows that it was assigned to Mortgage Electronic Registration Systems, Inc., as nominee for CitiMortgage. Black's Law Dictionary 1149 (9th ed. 2009) defines "nominee" as either "[a] person designated to act in place of another" or "[a] party who holds bare legal title for the benefit of others." As a result, there is evidence that CitiMortgage was assigned the mortgage. But most importantly, when the trial court held hearings on Moran's motion to vacate, it is reasonable to conclude that the trial court reviewed that note and the mortgage in its decision-making process. Since Moran failed to provide this court with a transcript of the proceedings, Supreme Court Rule 323 required the filing of either a bystander's report or an agreed statement of facts. *Midstate Siding & Window Co. v. Rogers*, 204 Ill. 2d 314, 319 (2003). In the absence of a complete record, the reviewing court must presume that the trial court acted correctly and in conformity with the law. *Webster v. Hartman*, 195 Ill. 2d 426, 433 (2001). Any doubts resulting from the incompleteness of the record must be resolved against Moran. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984). As a result, Moran's motion to dismiss had no merit.

¶ 42                            IV. Vacation of an Order of Default

¶ 43    Additionally, Moran argues that the trial court failed to do substantial justice by not vacating the order of default. Although the record on appeal does not contain the trial court's reasoning for denying Moran's motion to vacate the order of default, we nevertheless review the trial court's decision for abuse of discretion and substantial justice (*Jackson*, 384 Ill. App. 3d at 548), evaluating "[(1)] the lack of diligence by the defaulter, [(2)] the absence of a

---

[2]Illinois Supreme Court Rule 113(b) (eff. May 1, 2013), now requires that the copy of the note attached to the complaint must be the note as it currently exists, together with endorsements and allonges.

meritorious defense by the defaulter, [and (3)] the severity of the penalty resulting from the entry of a default order and the relative hardships on the parties arising from a grant or denial of default." *Northern Trust Co.*, 265 Ill. App. 3d at 412.

¶ 44 The first factor is Moran's lack of diligence. In *Wilkin Insulation Co.*, we found that default judgment was appropriate because "defendant not only failed to answer plaintiff's original complaint within the time prescribed by statute but also failed to comply with numerous court orders extending the time within which to answer or otherwise plead." *Wilkin Insulation Co.*, 186 Ill. App. 3d at 156-57. For instance, "defendant's only response to plaintiff's original complaint was by way of a motion" "filed without notice or leave of court approximately eight months after the suit was brought, more than four months after plaintiff's first motion for default judgment and nearly 30 days after the trial court had *sua sponte* entered default judgment against him for failing to comply with previous orders which granted his requests for additional time to answer." *Wilkin Insulation Co.*, 186 Ill. App. 3d at 157.

¶ 45 In the case at bar, Moran has exhibited a similar lack of diligence. In *Wilkin*, the "defendant's only response to plaintiff's original complaint was *** a motion" "filed *** approximately eight months after the suit was brought, more than four months after plaintiff's first motion for default judgment." 186 Ill. App. 3d at 157. Similarly, Moran filed his appearance two days late without leave of court and a motion to dismiss approximately eight months after plaintiff filed its first motion for an order of default. Additionally, like the defendant in *Wilkin*, Moran failed to comply with the court's 28-day order to file an appearance and answer or otherwise plead by August 15, 2011. Moran filed his appearance on August 17, 2011, and filed a motion to dismiss on August 19, 2011, but never set the motion for hearing. Thus, Moran has shown a lack of diligence.

¶ 46 The second factor is the absence of a meritorious defense. On August 19, 2011, Moran filed a motion to dismiss the foreclosure complaint for lack of standing pursuant to section 2-619 of the Illinois Code of Civil Procedure (735 ILCS 5/2-619 (West 2010)), claiming that (1) CitiMortgage did not loan money to Moran and (2) had no assignment from Union Federal Bank to CitiMortgage. Moran claimed that CitiMortgage "filed suit without attaching an assignment from the mortgagor to the Plaintiff." However, CitiMortgage's complaint states that a "copy of the assignment of the Mortgage and Note is attached." In the record on appeal, there is an assignment from Union Federal Bank to a nominee of CitiMortgage. As we have previously explained, Moran failed to provide enough of a record in this court to show that CitiMortgage was not the assignee of the note and mortgage. In addition, the mortgage and note attached to the complaint, together with the assignment, shows that CitiMortgage was the assignee of both the mortgage and the note. Therefore, Moran had no meritorious defense.

¶ 47 The third factor is the penalty and hardship to the parties resulting from the entry of a default order. In *Wilkin*, we found that the plaintiff experienced substantial hardship because the "[d]efendant's unreasonable protraction of this litigation compelled plaintiff to expend significant amounts of time and to incur considerable expense in pursuit of a relatively small claim." *Wilkin Insulation Co.*, 186 Ill. App. 3d at 158.

¶ 48 In the case at bar, CitiMortgage argues that Moran's lack of diligence has caused it hardship. Like the plaintiff in *Wilkin*, CitiMortgage filed its complaint on September 24, 2010, and has expended time and expense in this protracted litigation. CitiMortgage alleges

in its appellee's brief that Moran's default in payment "required [it] to advance funds to pay for property taxes and hazard insurance."

¶ 49 Moran claims that the entry of the default imposes a hardship on Moran, preventing the adjudication on his motion to dismiss. However, as we have explained, his motion to dismiss is without merit. Thus, this factor weighs against vacating the order of default.

¶ 50 Weighing the relevant factors shows that the trial court did not abuse its discretion or deny substantial justice by denying the motion to vacate the default.

¶ 51 V. Confirmation of the Sale

¶ 52 Section 15-1508(b) of the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1508(b) (West 2010)) governs a trial court's discretion to vacate the sale. *Wells Fargo Bank, N.A. v. McCluskey*, 2013 IL 115469, ¶ 18. "Pursuant to section 15-1508(b), upon motion and notice, the court shall confirm the sale unless the court finds that: (i) proper notice of the sale was not given; (ii) the terms of the sale were unconscionable; (iii) the sale was conducted fraudulently; or (iv) justice was otherwise not done. 735 ILCS 5/15-1508(b) (West 2010)." (Emphasis omitted.) *Wells Fargo Bank, N.A.*, 2013 IL 115469, ¶ 18. Section 15-1508(b) confers broad discretion on circuit courts, and a reviewing court will not overturn a lower court's decision approving or disapproving a judicial sale absent an abuse of discretion. *Household Bank, FSB*, 229 Ill. 2d at 178.

¶ 53 Moran claims that the trial court erred in confirming the sale of property. He argues that justice was not done pursuant to section 15-1508(b)(iv), claiming that he lacked sufficient time to respond to the complaint's allegations when the trial court granted a default despite his pending motion to dismiss. "To vacate both the sale and the underlying default judgment of foreclosure, the borrower must not only have a meritorious defense to the underlying judgment, but must establish under section 15-1508(b)(iv) that justice was not otherwise done because either the lender, through fraud or misrepresentation, prevented the borrower from raising his meritorious defenses to the complaint at an earlier time in the proceedings, or the borrower has equitable defenses that reveal he was otherwise prevented from protecting his property interests." *Wells Fargo Bank, N.A.*, 2013 IL 115469, ¶ 26. Moran has not made these arguments.

¶ 54 In the case at bar, Moran has not presented evidence to show that he was prevented from raising a meritorious defense to the complaint at an earlier time through fraud or misrepresentation or that he was otherwise prevented from protecting his property interests. Justice was done pursuant to section 15-1508(b) and the trial court did not abuse its discretion in confirming the sale.

¶ 55 CONCLUSION

¶ 56 In sum, under the particular facts and circumstances of this case, it was within the trial court's discretion (1) to enter an order of default against Moran while his motion to dismiss was filed and not set for a hearing, (2) to deny his motion to reconsider and to vacate the order of default, and (3) to confirm the sale of property and to deny its vacatur.

¶ 57 Affirmed.