2019 IL App (1st) 180385-U

No. 1-18-0385

Order filed October 24, 2019

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON, f/k/a The Bank of New York, as Trustee (CWALT 2006-OC4), | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 15 CH 5510 |
| DEBORAH HAYES, KATHRYN REICH, THOMAS REICH, and PNC BANK, N.A., Successor in Interest to MidAmerica Bank, FSB, | ) ) ) ) | |
| Defendants, | ) ) | Honorable Daniel Patrick Brennan, |
| (Deborah Hayes, Defendant-Appellant). | ) | Judge, presiding. |

JUSTICE LAMPKIN delivered the judgment of the court.
Justices Reyes and Burke concurred in the judgment.

**ORDER**

¶ 1    *Held*:  In a mortgage foreclosure case, the trial court properly entered summary judgment in favor of the plaintiff mortgagee, which had standing to foreclose as the holder of the note. The trial court also properly exercised its discretion when it denied a request to delay adjudication of the summary judgment motion for additional time

to conduct discovery, and approved the foreclosure sale where the plaintiff showed it had properly published notice of the sale in the newspaper.

¶ 2    Plaintiff, The Bank of New York Mellon, f/k/a The Bank of New York, as trustee (CWALT 2006-OC4), filed a complaint to foreclose on the mortgage after the borrowers, who had failed to make payments and defaulted under the terms of the mortgage and note, conveyed their interest in the property to defendant Deborah Hayes via a quitclaim deed. Subsequently, the trial court granted summary judgment in favor of plaintiff and against Hayes, entered a default judgment against the borrowers, and entered a judgment of foreclosure.

¶ 3    On appeal, Hayes argues that the trial court (1) erroneously granted summary judgment because plaintiff failed to show it had standing to bring this foreclosure action, (2) abused its discretion by denying Hayes' request for additional time to conduct discovery before ruling on plaintiff's summary judgment motion, and (3) abused its discretion by approving the foreclosure sale because plaintiff failed to comply with statutory provisions regarding notice of the sale.

¶ 4    For the reasons that follow, we affirm the judgment of the circuit court.[1]

¶ 5                              I. BACKGROUND

¶ 6    In 2006, borrowers Kathryn and Thomas Reich executed a note secured by a mortgage that encumbered their property in Forest Park, Illinois. However, they defaulted under the terms of the mortgage and note by failing to make payments beginning in August 2010. In January 2015, the borrowers conveyed their interest in the property to Hayes via a quit claim deed.

¶ 7    In April 2015, plaintiff filed a complaint against Hayes, the borrowers, and others to foreclose on the mortgage. Plaintiff named Hayes, who was not a party to the note or mortgage,

---

[1] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

as a defendant in the foreclosure action to extinguish her title interest in the property. Plaintiff attached as exhibits to the complaint the mortgage, the note with a blank endorsement, and an assignment of the mortgage to plaintiff.

¶ 8    Hayes' June 2015 answer raised one affirmative defense, alleging that plaintiff did not have standing to bring this action to enforce the mortgage. Hayes' answer, however, admitted the allegations of paragraph 3(j) of the complaint, which alleged that plaintiff's capacity in this foreclosure was as the holder of the note secured by the mortgage.

¶ 9    On September 30, 2016, plaintiff moved the court for leave to file its response to Hayes' affirmative defense; for summary judgment against Hayes; for a default judgment against the borrowers; and for a judgment of foreclosure and sale. Plaintiff argued that Hayes' answer admitted that plaintiff was the holder of the note secured by the mortgage, the allegations of fact in the complaint were proved by affidavit, and there was no genuine issue as to any material fact and plaintiff was entitled to judgment as a matter of law. In addition to its exhibits of the complaint, note, mortgage, and assignment of the mortgage, plaintiff also attached to its summary judgment motion the prove-up affidavit of Keli Smith, a document coordinator of Bayview Loan Servicing LLC (Bayview), regarding her knowledge of the loan service business, the business records, the servicing records pertaining to the default in the note and mortgage at issue here, and the amounts due and owing. The relevant payment history documents were attached to Smith's affidavit. Plaintiff argued that it had proven its standing to pursue foreclosure because the valid assignment established the transfer of the prior mortgage and note from the original mortgagee to plaintiff, and plaintiff was the holder of the note, which was endorsed in blank and thereby converted to bearer paper and negotiable by transfer of possession alone.

¶ 10    On October 26, 2016, Hayes served on plaintiff interrogatories and a request to produce documents.

¶ 11    On November 2, 2016, the court issued a briefing schedule on plaintiff's summary judgment motion and set it for a January 25, 2017 hearing.

¶ 12    In her December 21, 2016 response to the summary judgment motion, Hayes asked the court to continue the motion until she received and reviewed responses to her discovery and followed up with further interrogatories, depositions and other inquiry to support her case in rebuttal. Hayes filed an affidavit, pursuant to Illinois Supreme Court Rule 191(b) (eff. Jan. 4, 2013), regarding material facts known to persons whose affidavits the affiant was unable to procure. Hayes averred that plaintiff's responses to her discovery requests were due November 24, 2016, she had not received those responses, and she believed those responses would "provide a basis for a defense against this action, and persons to depose or other avenues of inquiry to rebut and contradict the allegations" in plaintiff's summary judgment motion.

¶ 13    In its reply, plaintiff argued that summary judgment should be entered as a matter of law and Hayes' affidavit failed to comply with Rule 191(b) and was merely a delaying tactic. Specifically, plaintiff asked the court to strike the affidavit because Hayes failed to state the material facts she believed were only known by persons whose affidavits she was unable to obtain. She also failed to identify the names of those persons, the material facts she believed they would testify to, or explain the reason for her belief. Plaintiff also argued that Hayes' discovery request, which sought to explore the issue of plaintiff's standing and the integrity of its documents, would not assist her in crafting a defense to plaintiff's motion for summary judgment because Hayes was not a party to the mortgage or note; was not entitled to the nonpublic

personal information of the borrowers pertaining to their loan; failed to show either that she had sought to obtain that personal information by a protective court order or that the borrowers had consented to release that information to her; and could not assert standing as a defense or rebut Smith's affidavit regarding the amounts due and owing.

¶ 14    On January 25, 2017, the trial court deemed plaintiff's reply to Hayes' affirmative defense timely filed; granted plaintiff's motion for summary judgment against Hayes; entered a default judgment against the borrowers; and entered a judgment of foreclosure.

¶ 15    In April 2017, Hayes moved the court to reconsider the entry of summary judgment and foreclosure judgment, arguing that (1) plaintiff's prove-up affidavit from Smith was inadmissible based on her lack of personal knowledge and failure to attach the records she relied upon in making her affidavit, (2) plaintiff failed to prove its capacity to bring this foreclosure action, and (3) the trial court should have allowed Hayes additional time to complete discovery.

¶ 16    In its response, plaintiff argued that Hayes improperly raised arguments about capacity and the Smith affidavit for the first time in her motion to reconsider; there were no issues of fact with respect to capacity; the Smith affidavit was admissible; and there was no basis to delay the entry of summary judgment under Rule 191(b).

¶ 17    The trial court denied Hayes' motion to reconsider on July 24, 2017.

¶ 18    The sale of the property occurred in September 2017 with plaintiff being the highest bidder in the amount of $209,600. Plaintiff moved for orders approving the report of sale and distribution, confirming the sale, and granting possession.

¶ 19    Hayes filed an objection, arguing that plaintiff failed to show that it published notice of the sale in the proper sections of the newspapers for legal notices and real estate listings,

pursuant to section 15-1507 of the Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15-1507 (West 2016)). In response, plaintiff argued that it sufficiently complied with the notice publication provision of section 15-1507; Hayes failed to present any evidence to show the publications were defective; and there was no prejudice to Hayes or good cause shown to vacate the sale.

¶ 20    The trial court granted the motion to confirm the sale on January 17, 2018, and Hayes timely appealed.

¶ 21                                    II. ANALYSIS

¶ 22    Hayes argues that (1) plaintiff was not entitled to summary judgment because Smith's affidavit failed to show her personal knowledge of plaintiff's capacity to bring this foreclosure action and failed to provide a foundation for the payment history business records attached to her affidavit, (2) the trial court abused its discretion by denying Hayes additional time to obtain pertinent discovery before ruling on the summary judgment motion, and (3) plaintiff failed to provide evidence that the sale complied with statutory requirements regarding the publication of the notices of the sale.

¶ 23    Hayes has not included in the record on appeal a report of any of the proceedings held in this matter or an appropriate substitute, such as a bystander's report or an agreed statement of facts. See Ill. S. Ct. R. 323(c), (d) (eff. June 22, 2017). The report of proceedings "may include evidence, oral rulings of the trial judge, a brief statement of the trial judge of the reasons for his decision, and any other proceedings that the party submitting it desires to have incorporated in the record on appeal." Ill. S. Ct. R. 323(a) (eff. June 22, 2017). "[A]n appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and

in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis. Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Foutch v. O'Bryant,* 99 Ill. 2d 389, 391-92 (1984).

¶ 24                                    A. Summary Judgment

¶ 25    Hayes argues that plaintiff was not entitled to summary judgment because it failed to offer admissible evidence to show its capacity to bring the foreclosure action and Smith's affidavit failed to establish her personal knowledge to support her statements that the records she relied upon for the due and owing mortgage loan amounts were generated by reliable computer programs, that the tracking and accounting program used in this matter was recognized as standard in the industry, and that Bayview was in possession of the note on behalf of plaintiff. Hayes also argues that plaintiff failed to lay a proper foundation for the computer generated business records attached to Smith's affidavit. Hayes also questions the validity of the 2011 assignment, asserting—without reference to any supporting evidence—that the entity transferring the note had ceased operations in a Chapter 11 bankruptcy in 2007. Hayes also complains that the name of the assignee listed in the assignment does not exactly match plaintiff's name.

¶ 26    Plaintiff responds that Hayes has forfeited on appeal her challenges to Smith's affidavit because Hayes failed to object to the affidavit prior to the entry of summary judgment and her response to the summary judgment motion merely requested more time to obtain discovery responses. Furthermore, Hayes did not raise any objection to Smith's affidavit until Hayes moved the court to reconsider the entry of summary judgment in favor of plaintiff, and Hayes'

brief before this court does not present the denial of her motion to reconsider as an issue for appellate review, focusing instead on her challenges to the entry of summary judgment.

¶ 27    Plaintiff also responds that it was entitled to summary judgment because Smith's affidavit was admissible evidence, plaintiff provided *prima facie* evidence of its standing which went unrebutted, and Hayes admitted in her answer plaintiff's capacity to bring this foreclosure action as the holder of the note.

¶ 28    Summary judgment is proper when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2–1005(c) (West 2016). A court ruling on a motion for summary judgment must construe the pleadings and the evidentiary material strictly against the movant. *Morrissey v. Arlington Park Racecourse, LLC,* 404 Ill. App. 3d 711, 724 (2010). "A genuine issue of material fact exists where the facts are in dispute or where reasonable minds could draw different inferences from the undisputed facts." *Id*. Our review of an order granting summary judgment is *de novo. Gillespie Community Unit School District No. 7 v. Wight & Co.,* 2014 IL 115330, ¶ 27.

¶ 29    We agree with plaintiff that Hayes has forfeited on review her objections to Smith's affidavit. "[F]acts contained in an affidavit in support of a motion for summary judgment which are not contradicted by counteraffidavit are admitted and must be taken as true for purposes of the motion." *Purtill v. Hess*, 111 Ill. 2d 229, 241 (1986). "In a motion for summary judgment, it is the nonmoving party's duty to bring any objections to the sufficiency of an affidavit to the trial court's attention for a ruling thereon," and the "[f]ailure to do so results in waiver of the objection on appeal." *Village of Arlington Heights v. Anderson*, 2011 IL App (1st) 110748, ¶ 15;

*Cochran v. George Sollitt Construction Co.*, 358 Ill. App. 3d 865, 873 (2005) (theories not raised during summary judgment proceedings are forfeited on review).

¶ 30    Even on the merits, we are not persuaded by Hayes' argument that Smith's affidavit failed to comply with Rule 191. A Rule 191(a) affidavit must not contain mere conclusions and must include the facts upon which the affiant relied. Ill. S. Ct. R. 191(a) (eff. Jan. 4, 2013). "If, from the document as a whole, it appears that the affidavit is based upon the personal knowledge of the affiant and there is a reasonable inference that the affiant could competently testify to its contents at trial, Rule 191 is satisfied." *Kugler v. Southmark Realty Partners III*, 309 Ill. App. 3d 790, 795 (1999).

¶ 31    In addition, to admit business records into evidence as an exception to the general rule excluding hearsay, the proponent must lay a proper foundation by showing that the records were "made (1) in the regular course of business, and (2) at or near the time of the event or occurrence." *Gulino v. Economy Fire & Casualty Co.*, 2012 IL App (1st) 102429, ¶ 27; Ill. S. Ct. R. 236(a) (eff. Aug. 1, 1992). Similarly, Illinois Rule of Evidence 803(6) (eff. April 26, 2012) provides for the admission of records of regularly conducted activity where the records consist of a:

> "memorandum, report, record, or data compilation, in any form, of acts [or] events *** made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness."

Where computer-generated records are involved, the proponent must show that "the equipment which produced the record is recognized as standard, the entries were made in the regular course of business at or reasonably near the happening of the event recorded and the sources of information, method and time of preparation were such as to indicate their trustworthiness and to justify their admission." *Riley v. Jones Brothers Construction Co.*, 198 Ill. App. 3d 822, 829 (1990). The determination that records are admissible as business records rests within the sound discretion of the circuit court. *In re Estate of Weiland*, 338 Ill. App. 3d 585, 600 (2003).

¶ 32     Contrary to Hayes' assertions on appeal, Smith's three-page affidavit contained sufficient factual detail to satisfy the requirements of Rule 191. She established her personal knowledge of the facts in her affidavit because she stated that she was employed as a document coordinator for the loan servicer, Bayview, she had the authority to make this affidavit because she was familiar with Bayview's business and mode of operation, and she was familiar in the regular performance of her job functions with the business records maintained by Bayview for the purpose of servicing mortgage loans, collecting payments and pursuing any delinquencies. Based on her training and knowledge, the entries on Bayview's business records were made at or near the time of the activity and transactions reflected in such records and were kept in the ordinary course of the business activity regularly conducted by Bayview. Furthermore, Bayview acquired the servicing rights for the borrowers' loan on October 16, 2012, from Bank of America, N.A., and, at the time of this transfer, the loan was delinquent as of August 1, 2010. Smith summarized and explained the procedure and computer system that were used to process and apply payments and create records. She averred that Bayview's tracking and accounting program was recognized as

standard in the industry and she had reviewed the payment history records to calculate the amount due.

¶ 33    These statements clearly constituted facts based on Smith's personal knowledge, and not mere conclusions. Smith's affidavit as a whole shows that it is based upon her personal knowledge and there is a reasonable inference that she could competently testify to its contents at trial. As such, Smith's affidavit was properly admitted into evidence. Moreover, Smith swore in her affidavit that the attached payment history documents were true and accurate copies. Accordingly, the factual averments in Smith's affidavit satisfied the foundational requirements for admission of the records and demonstrated that they were trustworthy and reliable. As such, the records were properly admissible as business records.

¶ 34    Furthermore, Hayes' challenge to plaintiff's standing to foreclose lacks merit because Hayes fails to raise a challenge to plaintiff's status as a mortgagee. To establish a *prima facie* case for foreclosure, a plaintiff must introduce only the note and mortgage, and then the burden shifts to the defendant to provide evidence in rebuttal. *Financial Freedom v. Kirgis*, 377 Ill. App. 3d 107, 131 (2007). Here, plaintiff has standing to enforce the note because it is the legal holder of the indebtedness. 735 ILCS 5/15–1504(a)(3)(N) (West 2016); see *Mortgage Electronic Registration Systems, Inc. v. Barnes*, 406 Ill. App. 3d 1, 7 (2010); 735 ILCS 5/15–1208 (West 2016) (defining a "mortgagee" as the holder of an indebtedness). "The mere fact that a copy of the note [was] attached to the complaint [was] itself *prima facie* evidence that the plaintiff own[ed] the note." *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 24.

¶ 35    Plaintiff introduced an assignment of the mortgage and the 2006 note, which is a negotiable instrument and contained a blank endorsement by the original lender (810 ILCS 5/3–

205(b) (West 2016) (a note endorsed in blank is payable to the bearer)). Therefore, plaintiff is the legal holder, absent evidence to the contrary. Because plaintiff acquired the rights as the "bearer" of the note, it has standing to enforce the note as the holder of the indebtedness. 810 ILCS 5/3–201 (West 2016). Furthermore, Hayes' answer to plaintiff's complaint admitted the allegation contained in paragraph 3(j) of the complaint, *i.e.*, that plaintiff brought this foreclosure action based on its capacity as the holder of the note secured by the mortgage. *Bank of New York Mellon v. Wojcik*, 2019 IL App (1st) 180845, ¶ 23 (generally, "a statement of fact that has been admitted in a pleading is a judicial admission and is binding on the party making it").

¶ 36    Finally, Hayes' complaint that the 2011 assignment to plaintiff seems "questionable" is unavailing. Hayes' complaint is based on her speculation that the assignor entity ceased operations in 2007 and assertion that the listed name of the assignee looks "different" from plaintiff's name. Without a third-party beneficiary status, "a litigant lacks standing to attack an assignment to which he or she is not a party." *Bank of America National Ass'n v. Bassman FBT, L.L.C.,* 2012 IL App (2d) 110729, ¶ 15. Under *Bassman,* plaintiff's actions are, at most, voidable, not void; and Hayes, therefore, lacks standing to challenge the assignment. *Id.* ¶ 21.

¶ 37    Plaintiff, by providing the mortgage, assignment and note, presented sufficient evidence to establish its standing to bring this foreclosure action. Also, by providing the admissible affidavit of Smith and supporting business records, plaintiff established the amounts due and owing. Hayes failed to present any evidence to the contrary. We conclude that the trial court properly granted summary judgment to plaintiff.

¶ 38                    B. Continuance Request to Obtain Discovery

¶ 39    Hayes argues that the trial court abused its discretion by denying her motion for additional time to conduct discovery before ruling on plaintiff's motion for summary judgment. Hayes asserts that the denial was unreasonable because she contested plaintiff's standing to bring this foreclosure action and the court failed to give her sufficient time to obtain the information necessary to respond to plaintiff's summary judgment motion, challenge Smith's affidavit, and determine whether and when plaintiff came into possession of the note.

¶ 40    Plaintiff responds that the trial court properly denied Smith's request for additional time to conduct discovery because her request was merely a delay tactic.

¶ 41    We review the trial court's rulings on discovery matters for an abuse of discretion, according "great deference" to the trial court's resolution of a discovery dispute. *Reda v. Advocate Health Care*, 199 Ill. 2d 47, 54 (2002); *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 34. An abuse of discretion occurs where the court commits an error of law or no reasonable person would take the view adopted by the court. *US Bank, National Association v. Avdic*, 2014 IL App (1st) 121759, ¶ 18.

¶ 42    According to the record, Hayes filed her answer in June 2015, and plaintiff filed its motion for summary judgment over a year later on September 30, 2016. The summary judgment motion included the prove-up affidavit and copies of the business records, which showed the payment history to prove the loan default and damages. After the summary judgment motion was filed, Hayes waited until October 27, 2016 to issue her written discovery requests.

¶ 43    The record does not include any transcript or bystander's report regarding the proceedings on Hayes' request for additional time to conduct discovery. In the absence of a

complete record, especially when the abuse-of-discretion standard applies, we presume that the trial court acted properly. See *Foutch,* 99 Ill. 2d at 392. Because we do not know the basis of the court's decision to deny Hayes' request for additional time to conduct discovery, we presume that the court's order was in conformity with the law and had a sufficient factual basis.

¶ 44                                   C. Notice of Sale

¶ 45    Finally, Hayes argues that the trial court abused its discretion by confirming the judicial sale because plaintiff failed to prove that it had complied with the statutory provisions that required the notice of sale to be published in both the legal notice and real estate listing sections of the newspapers. Hayes contends that the trial court failed to adhere to the proper standards in considering plaintiff's motion to confirm the sale because the court failed to hold plaintiff to its initial burden of persuasion to show that it had complied with the notice of sale requirements.

¶ 46    Plaintiff responds that Hayes bears the burden as the objecting party to show why the sale should not be confirmed (citing *NAB Bank v. LaSalle Bank, N.A.*, 2013 IL App (1st) 121147, ¶ 9); Hayes presented no evidence to show that the newspaper notices failed to comply with the statutory notice provisions; Hayes failed to submit an affidavit and post a bond to support her objection to the notice of the sale, as required by statute; and Hayes failed to establish good cause to vacate the sale based on a purported defect regarding the notice of the sale.

¶ 47    The entry of an order confirming the sale is reviewed for an abuse of discretion. *CitiMortgage, Inc. v. Moran,* 2014 IL App (1st) 132430, ¶ 25. Section 15–1508(b) of the Foreclosure Law provides:

"Unless the court finds that (i) a notice required in accordance with subsection (c) of Section 15–1507 was not given, (ii) the terms of sale were unconscionable, (iii)

the sale was conducted fraudulently, or (iv) justice was otherwise not done, the court shall then enter an order confirming the sale." 735 ILCS 5/15-1508(b) (West 2016).

Furthermore, section 15-1507(c)(2)(i) of the Foreclosure Law requires, *inter alia*, the notice of sale to be published by advertisements in the section of a newspaper where legal notices are commonly placed and by separate advertisements in the newspaper section where real estate that is not being sold as part of legal proceedings is commonly advertised to the general public. 735 ILCS 5/15-1507(c)(2)(i) (West 2016). However, if a newspaper does not have separate sections for legal notices and real estate advertisements, then "a single advertisement with the legal description shall be sufficient." *Id*. If a sale is held without compliance with section 15-1507(c), a party may by motion supported by affidavit ask the court prior to confirmation of the sale to set it aside; however, if that party is not the mortgagor, then that party must guarantee or secure by bond a bid equal to the successful bid at the prior sale. 735 ILCS 5/15-1508(c) (West 2016). Except as provided in section 15-1508(c), "no sale under this Article shall be held invalid or be set aside because of any defect in the notice thereof or in the publication of the same ***, except upon good cause shown" at the hearing to confirm the sale. 735 ILCS 5/15-1508(d) (West 2016).

¶ 48 According to the record, plaintiff published notices of the sale in the Chicago Daily Law Bulletin on August 22, 29, and September 5, 2017, and in the Forest Park Review on August 23, 30, and September 8, 2017. There is no evidence that directly establishes the specific sections of those newspapers within which the notices appeared.

¶ 49 The record does not include any transcript or bystander's report regarding the proceedings on the hearing to confirm the sale. In the absence of a complete record, especially

when the abuse-of-discretion standard applies, we presume that the trial court acted properly. See *Foutch,* 99 Ill. 2d at 392. Because we do not know the basis of the court's order approving the sale over Hayes' objections regarding the publication of the notices of the sale, we presume that the trial court's order was in conformity with the law and had a sufficient factual basis.

¶ 50                                  III. CONCLUSION

¶ 51     For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 52     Affirmed.