2022 IL App (1st) 220172-U

FIFTH DIVISION
NOVEMBER 30, 2022

No. 1-22-0172

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, as Trustee of the Chalet Series IV Trust, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | |
| | ) | No. 11 CH 28333 |
| ALEX KASIMIR; I.S.P.C. a/k/a The Independent Savings Plan Company; UNKNOWN SPOUSE OF ALEX KASIMIR; JOHN DOE, UNKNOWN TENANT; UNKNOWN OWNERS, NON-RECORD CLAIMANTS, and UNKNOWN TENANTS AND OCCUPANTS, | ) ) ) ) ) ) | |
| Defendants | ) ) | Honorable Edward Robles, |
| (Alex Kasimir, Defendant-Appellant). | ) | Judge Presiding. |

_____

JUSTICE CUNNINGHAM delivered the judgment of the court.
Presiding Justice Connors and Justice Mitchell concurred in the judgment.

**ORDER**

¶ 1     *Held*: The trial court's judgment entering summary judgment in favor of the plaintiff is affirmed.

¶ 2 The plaintiff-appellee, U.S. Bank National Association (U.S. Bank), initiated a foreclosure action against the defendant-appellant, Alex Kasimir, in the circuit court of Cook County. The circuit court granted U.S. Bank's motion for summary judgment and denied Mr. Kasimir's cross-motion for summary judgment. The circuit court subsequently entered an order of foreclosure and sale and an order confirming the sale of the property at issue. Mr. Kasimir now appeals. For the following reasons, we affirm the judgment of the circuit court of Cook County.

¶ 3 BACKGROUND

¶ 4 On April 27, 2007, Mr. Kasimir executed a promissory note in the amount of $612,000, secured by a property located at 1809 West Cortland Street, Chicago, Illinois (the property). Mr. Kasimir signed both the mortgage agreement and promissory note independently. The mortgagee was EquiFirst Corporation. On July 26, 2011, the mortgage was assigned to J.P. Morgan Mortgage Acquisition Corporation (J.P. Morgan).

¶ 5 On August 11, 2011, J.P. Morgan filed a foreclosure complaint against Mr. Kasimir. Mr. Kasimir filed an answer and affirmative defense, in which he argued that he entered into a contract with EquiFirst Corporation, not J.P. Morgan, and that J.P. Morgan had failed to indicate that it had acquired the promissory note from EquiFirst Corporation. Thus, Mr. Kasimir asserted that J.P. Morgan had no standing to bring the foreclosure action against him.

¶ 6 Litigation ensued over the succeeding years, much of which is irrelevant to this appeal. Eventually, Christiana Trust, A Division of Wilmington Savings Fund Society (Christiana Trust) was substituted as the plaintiff.

¶ 7 On August 16, 2017, Christiana Trust filed a motion for judgment of foreclosure and sale of the property and a motion for summary judgment in its favor, on the grounds that Mr. Kasimir

failed to raise an issue of material fact or to submit any counter-affidavits refuting the facts in the affidavits which supported the motion for summary judgment.

¶ 8     Mr. Kasimir responded to the motion for summary judgment with an accompanying affidavit, stating that he had entered into a trial loan modification plan with J.P. Morgan after being promised a permanent loan modification under the Home Affordable Modification Program (HAMP) if he successfully made three trial loan payments for the months of July, August, and September 2009. After making the three trial loan payments, J.P. Morgan verbally informed Mr. Kasimir that because of a system backlog, the loan documents would be delayed and he would need to continue making loan payments in the meantime. The loan was later transferred to Marix Servicing, and Mr. Kasimir was informed by Marix Servicing that it did not have any records of the loan modification or of any trial loan payments received. Subsequently, Mr. Kasimir's loan fell into foreclosure status. Mr. Kasimir argued that, under these circumstances, the foreclosure action should never have been filed, and that Christiana Trust was legally bound to give a permanent HAMP loan modification to him.

¶ 9     On October 19, 2017, Mr. Kasimir filed a motion for summary judgment, using the facts from his earlier affidavit as support, primarily alleging that J.P. Morgan violated HAMP by failing to give him a proper loan modification.

¶ 10    Christiana Trust replied to Mr. Kasimir's motion for summary judgment by arguing that Mr. Kasimir had failed to raise a genuine issue of material fact and that he had failed to raise his HAMP defense previously in 2009. It argued that due to his failure to raise this defense earlier, he could not raise it at that point in the process. Christiana Trust further pointed out that Mr. Kasimir had also failed to offer any evidence to corroborate the statements made in his affidavit.

¶ 11    On December 4, 2017, Mr. Kasimir's motion for summary judgment was denied without prejudice, but the court made a specific finding that standing had been established by Christiana Trust. The trial court also denied Christiana Trust's motion for summary judgment without prejudice.

¶ 12    By September 2019, MTGLQ Investors, LP, (MTGLQ) was substituted for Christiana Trust as the plaintiff. MTGLQ then filed a new motion for summary judgment. In its motion, MTGLQ argued that it had established a *prima facie* case for foreclosure of the property, which under state law, required only that a copy of the mortgage and the note be attached to the complaint. MTGLQ also noted that the court had already ruled in its favor regarding standing. Additionally, it asserted there was no genuine issue of material fact concerning Mr. Kasimir's default on the mortgage, as the HAMP allegations were untimely raised and therefore waived, and the HAMP program itself had been terminated, resulting in no available remedy for Mr. Kasimir. MTGLQ further argued that Mr. Kasimir's previous affidavit was inadmissible because it consisted entirely of hearsay and was made up of receipts from Western Union that were not referenced.

¶ 13    In October 2019, the court granted a motion to substitute U.S. Bank as the plaintiff.

¶ 14    On November 5, 2019, Mr. Kasimir filed a response to U.S. Bank's motion for summary judgment as well as his own motion for summary judgment, which attached his affidavit. In his affidavit, Mr. Kasimir attested to the same facts as he had previously: specifically, that he had made the three requisite payments pursuant to the HAMP program, the records of which were subsequently lost and unable to be located. Mr. Kasimir indicated his frustration and confusion, and also stated that he had not received or reviewed any assignment reflecting the transfer of the note from EquiFirst Corporation to another bank.

¶ 15    On March 26, 2020, U.S. Bank filed a reply in support of its motion for summary judgment and a response to Mr. Kasimir's motion for summary judgment. In addition to arguing that Mr. Kasimir's affirmative defense did not assert a new matter which required a response and that it (U.S. Bank) had standing to pursue the foreclosure, U.S. Bank argued that Mr. Kasimir's HAMP application had been denied and no lender was obligated to provide him with a permanent loan modification. It further argued that Mr. Kasimir's payments were accounted for and that his loan was severely in default. U.S. Bank reiterated that the HAMP program was by then, defunct, and could no longer serve as an adequate defense and that Mr. Kasimir had failed to meet his burden of establishing that he was ever approved for a HAMP modification. Attached to both the reply and response was a business records affidavit, which included letters to Mr. Kasimir informing him that his loan modification had been denied.

¶ 16    In a reply filed on March 10, 2021, Mr. Kasimir again alleged in an affidavit that he had sought a HAMP modification, J.P. Morgan calculated the loan amount, told him how much he would need to pay, which was different from his prior monthly payments, and verbally approved his modification while also explaining that the confirmation was delayed due to a backlog. Mr. Kasimir further argued that U.S. Bank had failed to set forth any facts that contradicted his facts stated on personal knowledge, and that its fill-in-the-blank business records affidavit did not comply with supreme court rules and did not contain admissible facts.

¶ 17    The trial court heard arguments on the parties' motions for summary judgment. On June 1, 2021, the trial court entered written orders granting U.S. Bank's motion for summary judgment and denying Mr. Kasimir's cross-motion for summary judgment. In its written order denying Mr. Kasimir's motion for summary judgment, the trial court found that U.S. Bank's business records

affidavit complied with supreme court rules and was therefore admissible. It further found that Mr. Kasimir's affidavits were "conclusory" and referred to "unsubstantiated promises and commitments." The written order continued:

> "There is no question based on the application and the HAMP handbook submitted by Mr. Kasimir that mere payment of the trial payments was insufficient to qualify for a permanent loan modification. Mr. Kasimir has failed to submit any evidence or refute in any way, the averments made by [U.S. Bank's business records affidavit] that he never received a fully executed modification agreement and/or that he was denied and did not otherwise qualify for a permanent loan modification either by virtue of his failure to comply with the document requests and/or his ineligibility as the result of his income."

¶ 18 On June 7, 2021, the court entered a judgment of foreclosure and sale of the property. A sale was scheduled for December 9, 2021, at which time the property was sold back to Mr. Kasimir. The trial court subsequently entered an order approving the sale.

¶ 19 On February 8, 2022, Mr. Kasimir filed an appeal to reverse the trial court's judgments granting summary judgment in favor of U.S. Bank and entering a judgment of foreclosure and sale.

¶ 20                                    ANALYSIS

¶ 21 We note that we have jurisdiction to review this matter, as Mr. Kasimir filed a timely notice of appeal. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. July 1, 2017).

¶ 22 On appeal, Mr. Kasimir presents the following issue: whether the trial court erred in granting U.S. Bank's motion for summary judgment and denying Mr. Kasimir's cross-motion for summary judgment. In sum, Mr. Kasimir's arguments are that the trial court erred in multiple ways: by not finding that Mr. Kasimir's allegations that he was approved for a HAMP loan

modification created a genuine issue of material fact; by finding Mr. Kasimir's affidavit to be conclusory; and by considering U.S. Bank's business records affidavit even though it failed to comply with supreme court rules and contained inadmissible hearsay.

¶ 23    Summary judgment should be granted only where the pleadings, depositions, admissions, and affidavits on file, when viewed in the light most favorable to the nonmoving party, show that there is no genuine issue as to any material fact and that the moving party is clearly entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2018); *Nine Group II, LLC v. Liberty International Underwriters, Inc.*, 2020 IL App (1st) 190320, ¶ 34. "A genuine issue of material fact exists where the facts are disputed or where reasonable minds could draw different inferences from the undisputed facts." *Nine Group II,* LLC, 2020 IL App (1st) 190320, ¶ 34. In appeals from summary judgment rulings, our review is *de novo*, which means we perform the same analysis that a trial court would perform. *Id.*

¶ 24    Here, the thrust of Mr. Kasimir's objections to U.S. Bank's motion for summary judgment and arguments in support of his own motion for summary judgment is that he had entered into a HAMP loan modification agreement with J.P. Morgan, but that loan modification agreement was never honored. He argued that consequently, U.S. Bank should have been prevented from pursuing the foreclosure action against him.  However, looking at the pleadings, the only evidence in support of Mr. Kasimir's allegations is his self-serving affidavit. And the trial court correctly found it conclusory. Mr. Kasimir's affidavit simply alleged that J.P. Morgan verbally agreed to enter into a loan modification agreement with him and he made the three required payments pursuant to that loan modification agreement, but the records of the loan modification agreement have since been lost. No other specific, factual support was provided. "Affidavits submitted in opposition to

motions for summary judgment must consist of facts admissible in evidence rather than conclusions, and conclusory matters may not be considered in opposition to motions for summary judgment." *Kreczko v. Triangle Package Machinery Co.*, 2016 IL App (1st) 151762, ¶ 31. Simply put, Mr. Kasimir's vague allegations regarding the HAMP loan modification program which he claimed to have been enrolled in, based only on his conclusory affidavit, failed to create a genuine issue of material fact to prevent U.S. Bank's motion for summary judgment; and failed to establish that he was entitled to summary judgment. See *Kreczko*, 2016 IL App (1st) 151762, ¶ 31 (a conclusory affidavit cannot create a triable issue of fact).

¶ 25    Further, Mr. Kasimir's affidavit was contradicted by U.S. Bank's business records affidavit, which showed that Mr. Kasimir had been informed that his loan modification application had been denied. And we reject Mr. Kasimir's argument that U.S. Bank's business records affidavit should not have been admitted and considered because it included hearsay and was based on another bank's records. It is well established that business records evidence is excluded from the general rules of hearsay, and the proponent of the business records evidence may lay a proper foundation by showing that the records were made (1) in the regular course of business, and (2) at or near the time of the event or occurrence. *US Bank, National Ass'n v. Avdic*, 2014 IL App (1st) 121759, ¶ 23. Considering that the business records affidavit at issue was made in the regular course of business regarding Mr. Kasimir's mortgage, and in the modern banking world, banks "freely buy, sell, and transfer mortgage loans," (*CitiMortgage, Inc. v. Moran*, 2014 IL App (1st) 132430, ¶ 40), it is therefore irrelevant that the records were originally drafted by another bank.

¶ 26    Thus, no genuine issue of material fact exists in this foreclosure action. The trial court properly granted U.S. Bank's motion for summary judgment and denied Mr. Kasimir's cross-motion for summary judgment, and we affirm its judgment.

¶ 27                              CONCLUSION

¶ 28    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 29    Affirmed.