FIRST DIVISION
DECEMBER 26, 2006

No. 1-04-3470


DEUTSCHE BANK NATIONAL,                )    Appeal from the
                                       )    Circuit Court of
        Plaintiff-Appellee,            )    Cook County.
                                       )
    v.                                 )
                                       )
ANTHONY BURTLEY,                       )    No.  02 CH 17665
                                       )
        Defendant-Appellant,           )
                                       )    The Honorable
(Nenad Bozilovic and                   )    Aaron Jaffe,
Anthony Diaz, Intervening Appellees).  )    Judge Presiding


        JUSTICE GARCIA delivered the opinion of the court.

        The plaintiff, Deutsche Bank National, filed its second

foreclosure action against the defendant, Anthony Burtley, on

September 27, 2002, in the Cook County circuit court.  The

circuit court entered an order confirming the sale of Burtley's

property on June 1, 2004.  Burtley then filed an amended motion

to vacate, which the trial court denied.  Burtley appeals,

contending the trial court erred when it denied his amended

motion to vacate without conducting an evidentiary hearing.

Burtley also contends that the trial court erred in confirming

the sale of the property because the trial court lacked personal

jurisdiction over him.  For the following reasons, we affirm the

No. 1-04-3470

decision of the trial court.

BACKGROUND

On June 26, 2000, Burtley borrowed $180,000 on a mortgage of his property at 4016 South Indiana Avenue, Chicago, Illinois, from the Ames Fund Corporation. Deutsche Bank eventually acquired the mortgage. In March 2001, Deutsche Bank filed a foreclosure complaint regarding that mortgage. To avoid foreclosure, on April 26, 2002, Burtley made a payment of $47,587.14 for monthly payments due between October 2000 and April 2002. On May 7, 2002, Burtley made his monthly payment in the amount of $2,083.01, which was returned as not paid for insufficient funds on May 15, 2002. On May 17, 2002, Burtley made his monthly payment for May 2002 in the amount of $2,187.16, including late fees. On June 17, 2002, Burtley made his monthly payment on his mortgage for June 2002 in the amount of $3,104.00, which was returned as not paid for insufficient funds on June 24, 2002.

On July 2, 2002, Deutsche Bank sent a "default letter" to Burtley, notifying him of his missed payment for June 2002. Burtley, however, made no further payments on the mortgage.

On September 27, 2002, Deutsche Bank filed a second complaint for foreclosure under case number 02 CH 17665, which is the subject of this appeal.

On December 17, 2002, the trial court entered an order giving Anthony Burtley until January 14, 2003, to file an

**2**

appearance and otherwise plead to the complaint. On January 21, 2003, with defendant Burtley appearing pro se, the court entered and continued the plaintiff's motions for default and for judgment of foreclosure.

On March 4, 2003, the trial court entered a default order based on defendant Burtley's failure to plead to the foreclosure complaint. The certificate of service filed on March 4, 2003, shows Anthony R. Burtley was served on October 13, 2002. The trial court also entered a judgment for foreclosure and sale with an expiration date of July 5, 2003, of the rights of redemption.

On June 20, 2003, a notice of public sale was sent to defendant Burtley, among others, that a sale of the foreclosure property would proceed on July 7, 2003, with a judgment amount of $215,477.31.

On July 3, 2003, defendant Burtley filed his "Emergency Motion" to stay the sale of the property contending that he would soon have the funds to satisfy the mortgage. The motion was heard and denied on July 7, 2003. Thereafter, a second notice of public sale was issued with a sale date of October 27, 2003. A third notice of public sale was issued with a sale date of February 9, 2004. On February 6, 2004, defendant Burtley filed a motion to stay the sale contending that he had a buyer for the property.

On February 9, 2004, the trial court entered an order staying the sale and setting a status date of February 20, 2004,

3

based on a real estate sale contract Burtley presented in open court with a selling price of $301,000 and a closing date of February 17, 2004. The order noted that defendant Burtley waived republication of the sale. On February 20, 2003, an order was entered continuing the stay through March 2, 2003, with a status date of March 3, 2004, based on Burtley's representation that the sale of the property had been reset to February 27, 2003. On March 3, 2004, an order was entered staying the sale of the property through March 11, 2003, with a status date of March 16, 2003, with defendant Burtley once again waiving republication of the sale. On March 16, 2003, with defendant Burtley present, the stay of the sale was continued to March 30, 2004, with a status hearing on that date. This time defendant Burtley objected to the waiving of the publication of sale notice.

On March 30, 2004, with defendant Burtley present, the trial court denied any further stay of the sale and ordered that the sale go forward on April 9, 2004, "as scheduled." The court noted that the real estate sale contract defendant Burtley presented on that date (apparently different from the one presented on February 9, 2004) was for an amount "substantially less" than the payoff amount.

On April 8, 2004, defendant Burtley filed a motion to stay the sale of the property contending there was "no publication on file." On April 9, 2004, the trial court denied the defendant's motion and allowed the sale to go forward without republication.

**4**

On April 28, 2004, defendant Burtley presented his motion to vacate the sale of the property, which the trial court denied.

On June 1, 2004, the trial court entered an order approving the foreclosure report of sale and distribution and an order of possession.

On June 30, 2004, defendant Burtley filed a motion contending that he was never properly served with the foreclosure complaint and therefore the trial court did not have jurisdiction over his person. The motion sought dismissal of the foreclosure suit. In a second motion filed that same day, defendant Burtley alleged that the purchaser at the sale wrongfully entered the property on June 25, 2004, and he was damaged thereby.

On July 1, 2004, counsel filed an appearance on behalf of Burtley along with a motion to vacate the confirmation of sale order entered on June 1, 2004. On the same date, the trial court entered an order granting counsel leave to file his appearance on behalf of Burtley and denying his motion to dismiss based on a lack of personal jurisdiction and his motion for damages based on the allegedly wrongful entry to the property.

On July 15, 2004, Burtley's counsel on appeal was granted leave to substitute his appearance for Burtley's initial counsel and granted leave to file an amended motion to vacate the sale with a ruling set for September 22, 2004. Through counsel, Burtley filed his motion entitled "Amended Motion to Stay and Vacate Order Confirming Sale and Possession" on August 4, 2004.

In Deutsche Bank's response, filed on September 7, 2004, Deutsche Bank asserted that Burtley had filed two bankruptcy petitions to stave off the foreclosure, both of which were dismissed. Exhibit K to Deutsche Bank's response is a "broker price opinion" setting the market value of the property at $169,000 with a qualification that it is "hard to determine repair cost without viewing inside." Following the intervention of the buyer at the foreclosure sale, a hearing was held October 1, 2004, on Burtley's amended motion to vacate sale.

On October 29, 2004, the trial court entered an order denying Burtley's motion to stay and vacate the order confirming the sale and possession after "having heard oral argument and considered all briefs presented" by the parties, ruling that it found "no reason *** justice would require the sale to be vacated."

On December 3, 2004, Burtley was granted leave to file a late notice of appeal and "granted a stay of enforcement of judgment and possession."

ANALYSIS

I. Standard of Review

We first address the parties' disagreement concerning our standard of review.

Deutsche Bank contends that the standard of review is whether the trial court abused its discretion by failing to promote substantial justice between the parties when it denied

Burtley's motion to vacate without an evidentiary hearing.  In support of its position, Deutsche Bank cites Mann v. Upjohn Co., 324 Ill. App. 3d 367, 377 (2001), and Northern Trust Co. v. American National Bank & Trust Co. of Chicago, 265 Ill. App. 3d 406, 412 (1994).

Burtley responds in his reply brief that this court should review the trial court's decision using either a de novo standard of review or what he labels an "ends of justice" standard of review.  To support his position that we should apply a de novo standard of review, Burtley states that a court applies a de novo standard of review when the court reviews a motion to dismiss, (Owens v. Midwest Tank & Manufacturing Co., 192 Ill. App. 3d 1039, 1042 (1989)), or a motion for summary judgment (Continental Casualty Co. v. McDowell & Colantoni, Ltd., 282 Ill. App. 3d 236, 241 (1996)).  To support his claim that we should apply an "ends of justice" standard of review, Burtley cites to certain language in Baltz v. McCormack, 66 Ill. App. 3d 76 (1978), and People ex rel Reid v. Adkins, 48 Ill. 2d 402, 406 (1971).

We agree with Deutsche Bank.  We review a trial court's decision to deny a motion to vacate for an abuse of discretion. In our review, we determine whether the trial court's decision to deny a motion to vacate "was a fair and just result, which did not deny [the moving party] substantial justice." Mann v. Upjohn, 324 Ill. App. 2d at 377.  A de novo standard of review does not apply in this case because this case involves a motion

**7**

to vacate, not a motion to dismiss or a motion for summary judgment. We also question whether the language in Baltz and Adkins relied upon by Burtley was meant to establish an "ends of justice" standard of review as he contends. While the Baltz and Adkins courts expressed an overriding concern on whether the trial court's ruling did substantial justice between the parties, we do not interpret the courts' use of that language as creating a distinct standard of review. In the three cases cited by the parties, review of the trial court's exercise of its discretion was viewed in the context of whether each ruling did substantial justice between the parties. This was the overriding concern in ruling on the motion to set aside a default in Adkins, 48 Ill. 2d at 406, and in Baltz, 66 Ill. App. 3d at 76-77, as it was in Upjohn, 324 Ill. App. 3d at 377. But see Venzor v. Carmen's Pizza Corp., 235 Ill. App. 3d 1053, 1057 (1992) ("trial court's refusal to vacate a default judgment may be reversed because of a denial of substantial justice or because of an abuse of discretion" (emphasis in original)).

Therefore, under the facts presented here, we review the trial court's decision to deny Burtley's motion to vacate the sale without an evidentiary hearing under an abuse of discretion standard.

## II. Motion to Vacate

Claims regarding foreclosure actions are governed by the Illinois Mortgage Foreclosure Law (the Mortgage Law) (735 ILCS

5/15-1501 et seq. (West 2004)).  In 1987, the Illinois General
Assembly amended the prior Mortgage Law to its current form.
Section 15-1508(b) of the Mortgage Law (735 ILCS 5/15-1508(b)
(West 2004)) contains an express provision for hearings:

> "(b) Hearing. Upon motion and notice in accordance with
> court rules applicable to motions generally, which
> motion shall not be made prior to sale, the court shall
> conduct a hearing to confirm the sale. Unless the court
> finds that (i) a notice required in accordance with
> subsection (c) of Section 15-1507 [735 ILCS 5/15-1507]
> was not given, (ii) the terms of sale were
> unconscionable, (iii) the sale was conducted
> fraudulently or (iv) that justice was otherwise not
> done, the court shall then enter an order confirming
> the sale."

The Illinois General Assembly intended this new language "to
create a new, but limited, level of inquiry" into foreclosure
sales.  Resolution Trust Corp. v. Holtzman, 248 Ill. App. 3d 105,
114 (1993); see also Merchants Bank v. Roberts, 292 Ill. App. 3d
925, 931 (1997).  The Illinois General Assembly did not, however,
intend to require an extended evidentiary hearing after each
sheriff's sale.  Holtzman, 248 Ill. App. 3d at 115; Roberts, 292
Ill. App. 3d at 931.  While the provision provides for a hearing,
the extent of the hearing afforded a mortgagor is left to the
sound discretion of the circuit court.  Holtzman, 248 Ill. App.

No. 1-04-3470

3d at 115.

As best we can make out, Burtley contends that the trial court erred in denying his motion to vacate without holding an evidentiary hearing because during such a hearing he would have been able to demonstrate that the terms of the sale were unconscionable and that justice was not done between the parties. As to the first contention, it appears to be based on the sale price of $166,000 as opposed to the value he placed on the property of "more than double what the third-party paid for the property." His second contention appears to be based on his claim that "Defendant has through affidavit contested the judgment and sale of the property, stating that he was not in default at the time Plaintiff initiated it[s] complaint and that Plaintiff forced Defendant into default by falsely stating that Defendant owed an additional $13,000 within 60 days after Defendant tendered to Plaintiff $47,597.14."

In response, Deutsche Bank contends that the court should affirm the trial court's decision because Burtley's first claim amounts to no more than a contention that the sale price was insufficient, implicitly disputing Burtley's contention that the terms of the sale were unconscionable. Deutsche Bank does not respond to Burtley's second contention.

Based on the record before us as we have set out in the Background section of this decision and the less-than-clear state of Burtley's briefs, we find no reason to address at length

**10**

Burtley's second contention.  (The less-than-clear state of Burtley's briefs also explains Deutsche Bank's failure to specifically address this contention.)

In his affidavit, Burtley seeks to join the two foreclosure proceedings to support his contention that justice was not done between the parties.  What occurred during the 2001 foreclosure proceeding that resulted in a lump-sum payment by Burtley to Deutsche Bank is not contained in the record before us.  While Burtley contends that during "an evidentiary hearing on Defendant's motion to vacate, Defendant would have been able to further substantiate the facts in his affidavit with testimony and other evidence," there is a complete failure to set out what "facts in his affidavit" he would be able to substantiate and what would constitute the "other evidence" he claims he would have been able to present.  Nor does he tell us how those "substantiated facts" or "other evidence" would have made a difference in the outcome of this case.  Burtley's bald assertions strike us as reminiscent of his claims and the tactics he employed during the two years the 2002 foreclosure complaint was pending before the circuit court.  There is an abject failure in Burtley's brief to articulate an argument for reversal on this basis with supporting authority as required by Supreme Court Rule 341(e)(7) (188 Ill. 2d R. 341(e)(7)).  See In re Tinya W., 328 Ill. App. 3d 405 (2002).  We need not address Burtley's second contention any further.

As to his first contention, Burtley seeks to place his claim within the provision that a court may decline to confirm the sale if "the terms of the sale [are] unconscionable." This provision appears to be founded on the discretion the courts of equity long have had. "[C]ourts have the discretion to disapprove a judicial sale 'where the amount bid is so grossly inadequate that it shocks the conscience of a court of equity.'" Holtzman, 248 Ill. App. 3d at 113, quoting Levy v. Broadway-Carmen Building Corp., 366 Ill. 279, 288 (1937). While a circuit court may decline to confirm a sale if the terms of the sale are unconscionable, the foreclosure price need not match the actual or estimated value of the property. World Savings & Loan Ass'n v. Amerus Bank, 317 Ill. App. 3d 772, 780-81 (2000). "[M]ere inadequacy of price alone is not sufficient cause for setting aside a judicial sale." Illini Federal Savings & Loan Association v. Doering, 162 Ill. App. 3d 768, 771 (1987). "This rule is premised on the policy which provides stability and permanency to judicial sales and on the well-established acknowledgment that property does not bring its full value at forced sales and that the price depends on many circumstances for which the debtor must expect to suffer a loss." Amerus Bank, 317 Ill. App. 3d at 780.

In the current case, Burtley mortgaged his property in the amount of $180,000 in 2000. Judgment of foreclosure was entered in favor of Deutsche Bank in the amount of $215,193.31, of which $179,118.02 was the principal balance. The property sold for

$166,000 at the sheriff's sale. Each party submitted conflicting reports about the value of the property. Deutsche Bank submitted a broker's appraisal, valuing the property at $169,000. The broker's appraisal dated January 7, 2004, was qualified by the notation that the price was determined without "viewing inside." Burtley, of course, had access to the interior of the building and could have obtained an appraisal based on the exterior and interior. Instead, Burtley submitted listing prices of properties in the area without making a direct comparison between those listings and the foreclosure property. In effect, Burtley sought to rely on the listings without demonstrating that they were "comparable" to the foreclosure property. Burtley also submitted an affidavit stating that he valued his property at twice the $166,000 it sold for at the foreclosure sale. Of course, the issue is not what Burtley valued the property at, but what a party was willing to pay at a foreclosure sale. At a forced sale, a "debtor must expect to suffer a loss." Amerus Bank, 317 Ill. App. 3d at 780.

We reject Burtley's contention that the sale price of the property was so low as to warrant an evidentiary hearing. "To determine the extent of the hearing to be afforded the mortgagor, the court should look to the defendant's petition or motion, and if there is an allegation of a current appraisal or other current indicia of value which is so measurably different than the sale price as to be unconscionable, then a hearing should be afforded

**13**

the defendant." Holtzman, 248 Ill. App. 3d at 115. The defendant offers no more than his opinion that the value of the property was double the sale price. Of course, we are well aware that the circuit court extended Burtley every reasonable opportunity (and perhaps beyond) to sell the property outside the foreclosure sale and he was unable to do so. The record reveals that at one point Burtley presented a real estate sale contract for a price "substantially less" than their mortgage amount, which, if nothing else, undermines Burtley's self-serving opinion at to the value of the property. His numerous empty claims of being able to privately sell the property or of soon having the funds to pay off the mortgage are also not lost on us. The trial court was well within its sound discretion, in determining that the hearing it afforded Burtley was all that he was entitled to.

### III. Personal Jurisdiction over Burtley

Without any factual support, Burtley contends that "Plaintiff treated the subject foreclosure as if it were a continuation of the prior complaint that had been dismissed as a result of Defendant reinstating the loan." Deutsche Bank responds that Burtley has waived the personal jurisdiction issue on appeal because he failed to raise this issue in his notice of appeal, he failed to preserve it in his motion to vacate sale, he submitted himself to the trial court's jurisdiction by filing an appearance and his amended motion to vacate sale, and he was duly

served.

Burtley's notice of appeal only seeks reversal of "the order entered on October 29, 2004, denying Petitioner's motion to vacate confirmation of sale and possession" or, in the alternative, a remand for further proceedings before the circuit court. The order of October 29, 2004, did not address the circuit court's exercise of jurisdiction over Burtley's person. The "'appellate court has jurisdiction only of those matters which are raised in the notice of appeal.'" Steinberg v. System Software Associates, Inc., 306 Ill. App. 3d 157, 166 (1999), quoting Lewanski v. Lewanski, 59 Ill. App. 3d 805, 815 (1978). The issue of personal jurisdiction was not properly raised in the notice of appeal.

Even if a liberal reading of the notice of appeal (Steinberg, 306 Ill. App. 3d at 166) should lead us to a contrary decision, by the time the circuit court denied Burtley's last request for a stay (by our count his thirteenth appearance), personal jurisdiction over Burtley was no longer a question. See Pecoraro v. Kesner, 217 Ill. App. 3d 1039, 1043-44 (1991) (conduct of party may invoke the court's jurisdiction).

Even if Burtley's pro se involvement in this case from December 17, 2002, through June 30, 2004, was not sufficient to invoke the circuit court's jurisdiction, upon counsel's filing of the motions to vacate, without filing a motion to challenge jurisdiction, "all objections to the court's jurisdiction over

**15**

the party's person" were waived.  735 ILCS 5/2-301(a-5) (West 2004).

Even if waiver were not to be found, the certificate of service in the record reflects that Burtley was duly served.  In his briefs, Burtley makes no direct challenge to this claimed service.

On the record before us, the inexorable conclusion is that the trial court properly exercised jurisdiction over Burtley.

CONCLUSION

For the foregoing reasons the judgment of the trial court is affirmed and the previously entered stay is vacated.

Affirmed.

McBRIDE, P.J., and CAHILL, J., concur.