2023 IL App (1st) 220284-U

FIRST DISTRICT,
FIRST DIVISION
January 23, 2023

No. 1-22-0284

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| SHIHHAN CHOU, | ) | Appeal from the |
| | ) | Circuit Court of |
| | ) | Cook County, Illinois. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 21 M 11124046 |
| | ) | |
| DAVID BABAN, | ) | |
| | ) | Honorable |
| | ) | Maire Aileen Dempsey, |
| Defendant-Appellee. | ) | Judge Presiding |
| | ) | |

_____

JUSTICE COGHLAN delivered the judgment of the court.
Presiding Justice Lavin and Justice Pucinski concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Circuit court's dismissal of plaintiff's complaint affirmed where plaintiff forfeited her arguments and the incomplete record precluded meaningful appellate review of plaintiff's appeal.

¶ 2    Plaintiff Shihhan Chou filed a *pro se* small claims action for breach of contract against defendant David Baban, alleging that he evicted her from a residence that she shared with her husband. Defendant filed a motion to strike and dismiss plaintiff's complaint pursuant to sections 2-615 (735 ILCS 5/2-615 (West 2020)) and 2-619 (735 ILCS 5/2-619 (West 2020)) of the Code of Civil Procedure (Code). The trial court dismissed plaintiff's action with prejudice, finding that

her husband was the only tenant under the terms of the written lease. The trial court also denied plaintiff's motion to vacate. Plaintiff appeals both judgments. We affirm.

¶ 3                                                    BACKGROUND

¶ 4        The record on appeal does not contain a report of proceedings. The following background is adduced from our review of the common law record. Plaintiff's husband, Gerald O'Dwyer rented a residence located at 2208 West Highland Avenue in Chicago, Illinois from defendant. On November 12, 2021, plaintiff filed a *pro se* small claims complaint against defendant for breach of contract. She alleged that she and O'Dwyer are separated. They lived in separate houses in Mexico, but "share[d] the mutual Chicago house as a place for [their] kids to call home" when they traveled to the United States. She further alleged that O'Dwyer paid for the rental "from shared mutual money from [their] business he operates from Mexico" and that "[all] payment for the house have come from company funds controlled by [O'Dwyer]."

¶ 5        Plaintiff decided to move to the United States. In October 2021, she went to the residence to "move items [they] jointly own to [her] new residence." She claimed that while she was there, defendant "invited himself in and started changing locks" at O'Dwyer's request. O'Dwyer told plaintiff he would give her a new set of keys, but never did. Plaintiff "ask[ed] the court to enforce [her] right to access [her] unit and retrieve [her] belongings," to return the money spent on the unit from company funds, to "terminate [the] lease," and to "award damages for [defendant's] actions" in locking her out of the unit.

¶ 6        On December 29, 2021, defendant filed a motion to strike and dismiss plaintiff's complaint pursuant to sections 2-615 and 2-619 of the Code, which is not included in the record. On January 3, 2022, the trial court issued a written order granting defendant's motion and dismissing the complaint with prejudice pursuant to section 2-615(a) of the Code. The order

reflects that a hearing was held on the motion, but no report of proceedings appears in the record. The court found that plaintiff "was not a party to the written contract (lease) between Gerald O'Dwyer, her husband, and David Baban, the landlord" and that plaintiff "is specifically excluded as a party entitled to occupancy of the premises, by said written lease."

¶ 7     On January 10, 2022, plaintiff filed a motion to vacate the trial court's January 3, 2022 order. Plaintiff's motion is not included in the record.[1] Defendant's response asserts that the motion raised the same arguments presented at the hearing that "as the wife of the tenant, she is entitled to receive all rights and benefits her husband has, by virtue of their marriage"; that "she is entitled to one-half of any funds paid to [defendant]" because of her " 'marital rights' in any funds paid by her husband"; and that "she is entitled to one-half of any sums paid out of the corporate checking account" because she owned 50% of the corporation that made payments to defendant. On January 25, 2022, the circuit court denied plaintiff's motion, finding that she "has no contractual rights against [defendant]."

¶ 8                                    ANALYSIS

¶ 9     On appeal, plaintiff argues that the trial court erred in dismissing her complaint because she was a tenant through her "marital rights" and her business interest in Blackmore Partners, Inc., which was also named as a tenant under the lease. She also asserts that defendant improperly evicted her.

¶ 10     Plaintiff appeals *pro se* and has filed her brief using a preprinted form approved by the Illinois Supreme Court. However, her *pro se* status "does not relieve [her] of the burden of complying with supreme court rules." *Wade v. Illinois Commerce Commission*, 2017 IL App

---

[1] Defendant's response to plaintiff's motion indicates that plaintiff filed a 63-page motion to vacate. The record contains a two-sentence motion to vacate, stating: "Vacate January 3rd 2022 Motion to Dismiss with Prejudice. Additional attached." The attachment is not in the record.

(1st) 171230, ¶ 16. Our review of plaintiff's appeal is hindered by her failure to comply with Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020). "A reviewing court is entitled to the benefit of clearly defined issues with pertinent authority cited and a cohesive legal argument." *Wing v. Chicago Transit Authority*, 2016 IL App (1st) 153517, ¶ 11. This court is not a depository in which the appellant may dump the burden of research and argument. *Id.*

¶ 11        Plaintiff fails to cite to the record on appeal, in violation of Illinois Supreme Court Rule 341(h)(6) and (h)(7) (eff. Oct. 1, 2020) (statement of facts and argument must include pages of the record relied upon).[2] Rule 341(h)(7) further provides that an appellant's argument "shall contain contentions of the appellant and the reasons therefor, with citation of the authorities *** relied on." Ill. S. Ct. R. 341(h)(7). Arguments that fail to comply with Rule 341(h)(7) are forfeited. See *Lewis v. Heartland Food Corp.*, 2014 IL App (1st) 123303, ¶¶ 5-6. In addition, "[t]he failure to elaborate on an argument, cite persuasive authority, or present a well-reasoned theory violates Rule 341(h)(7) and results in forfeiture of the argument." *Trilisky v. City of Chicago*, 2019 IL App (1st) 182189, ¶ 54 (citing *Vancura v. Katris*, 328 Ill. 2d 352, 370 (2010)). Plaintiff lists various statutes in her "Points and Authorities" section, but fails to cite to a single authority in her "Argument" section or explain how these authorities are relevant to her arguments.[3] Due to her noncompliance with Rule 341(h)(7), plaintiff's arguments on appeal are forfeited.

---

[2] Despite being represented by counsel, defendant also fails to comply with Rule 341(h), as his brief does not contain a single citation to the record. Ill. S. Ct. R. 341(h)(6), (7) (eff. Oct. 1, 2020). We admonish counsel to carefully follow supreme court rules in future submissions.

[3] Plaintiff lists various sections of the Rights of Married Persons Act (750 ILCS 65/0.01 *et seq.* (West 2020)), the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/101 *et seq.* (West 2020)), the Business Corporation Act of 1983 (805 ILCS 5/1.01 *et seq.* (West 2020)), and the Uniform Partnership Act (805 ILCS 206/100 *et seq.* (West 2020)).

¶ 12        Our review is further hindered by the deficient record. It is well-established that the appellant has the burden to present a sufficiently complete record of the proceedings below to support a claim of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). In the absence of such a record, "this court presumes that the order entered by the trial court was in conformity with the law and had a sufficient factual basis," and any doubts arising from the incomplete record will be construed against plaintiff. *Lytle v. Country Mutual Insurance Co.*, 2015 IL App (1st) 142169, ¶ 28 (citing *Moenning v. Pacific R.R. Co.*, 2012 IL App (1st) 101866, ¶ 38 and *Foutch*, 99 Ill. 2d at 392).

¶ 13        The record on appeal does not contain defendant's motion to dismiss or plaintiff's motion to vacate. Hearings were held on both motions, but the record does not contain a report of proceedings or acceptable substitute of any of the proceedings below. Ill. Sup. Ct. R. 323(c), (d) (eff. July 1, 2017) (if no report of proceedings is available, the appellant may file a bystander's report or an agreed statement of facts). Without these pleadings and proceedings, we cannot ascertain what arguments were presented to the trial court or the findings the court made to form the basis of its judgment.

¶ 14        Additionally, because a copy of the lease is not in the record on appeal, we cannot examine the trial court's finding that plaintiff "was not a party to the written contract (lease)" and that plaintiff was "specifically excluded as a party entitled to occupancy of the premises, by said written lease." See *Urban Sites of Chicago, LLC v. Crown Castle USA*, 2012 IL App (1st) 111880, ¶ 24 (in order to evaluate a breach of contract claim, the court must examine the "instrument itself" to "determine the intent of the parties"); see also *Lytle*, 2015 IL App (1st) 142169, ¶ 28 (the court could not determine the scope of written appraisal request where the document was "missing from the record on appeal"). Therefore, we "must presume the circuit

court had a sufficient factual basis for its holding and that its order conforms with the law," and construe any doubts arising from the incomplete record against plaintiff. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 157 (2005).

¶ 15    Plaintiff does not appear to dispute that she was not a tenant under the terms of the written lease. However, as previously discussed, plaintiff fails to cite to any relevant authority to support her argument that she has contractual rights against defendant by virtue of her "marital rights" and her business interest in Blackmore Partners, Inc. See *Wells Fargo Bank, N.A. v. Sanders*, 2015 IL App (1st) 141272, ¶ 41 (defendant's failure to cite any relevant authority in support of his argument is reason to find defendant's argument forfeited). And because we do not have the benefit of reviewing the lease, we do not know if, or in what capacity, Blackmore Partners, Inc. was included in the lease. Any doubts arising from the incomplete record will be construed against plaintiff. *Corral*, 217 Ill. 2d at 157.

¶ 16    Because plaintiff makes no argument regarding the denial of her motion to vacate, this issue is forfeited. Ill. Sup. Ct. R. 341(h)(7) ("[p]oints not argued are forfeited"). Forfeiture aside, since there is no report of proceedings or acceptable substitute of the hearing held on plaintiff's motion to vacate, "there is no basis for holding that the trial court abused [its] discretion in denying the motion." *Foutch*, 99 Ill. 2d at 392; see also *Deutsche Bank National v. Burtley*, 371 Ill. App. 3d 1, 5 (2006) (we review the denial of a motion to vacate for an abuse of discretion).

¶ 17    In plaintiff's reply brief, she argues that the trial court erred in allowing defendant's attorney "to act on behalf of [defendant] after acting on behalf of the shared marital business." Because she raises this argument for the first time in her reply brief, it is also forfeited. Ill. S. Ct. R. 341(h)(7) ("[p]oints not argued are forfeited and shall not be raised in the reply brief").

¶ 18        Based on plaintiff's forfeited arguments and the insufficient record, we presume the order entered by the trial court conformed with the law and had a sufficient factual basis.

¶ 19                       CONCLUSION

¶ 20        For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 21        Affirmed.