2023 IL App (1st) 230703-U
No. 1-23-0703
Order filed August 23, 2024

Sixth Division

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR INDYMAC MORGATE LOAN TRUST 2007-FLX4, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-FLX4, | ) ) ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | No. 2018 CH 1639 |
| v. | ) ) | |
| ARTHRIC SPIVEY-HILLMAN a/k/a SPIVEY HILLMAN, | ) ) ) | The Honorable Marian E. Perkins Judge, presiding. |
| Defendant-Appellant. | ) ) | |

JUSTICE HYMAN delivered the judgment of the court.
Justices C.A. Walker and Tailor concurred in the judgment.

**ORDER**

¶ 1        *Held*: Affirming trial court order confirming judicial sale.

¶ 2        The trial court granted Deutsche Bank a default judgment and ordered foreclosure after

Arthric Spivey-Hillman failed to appear or respond to the mortgage foreclosure complaint

against her. Over the next five years, Spivey-Hillman filed multiple emergency motions to stay

the sale and a motion to vacate default judgment. Eventually, the trial court denied the final emergency motion to stay and stated that it would not rule on the motion to vacate. Deutsche Bank proceeded with the judicial sale, which the trial court confirmed 10 days later.

¶ 3 Spivey-Hillman contends that the trial court abused its discretion and denied her substantial justice by (i) failing to address her motion to vacate, (ii) not considering her affirmative defenses in the motion to vacate, and (iii) confimring the judicial sale. We affirm, finding (i) Spivey-Hillman waived her motion to vacate by not requesting the court rule on it, (ii) her defenses lack merit, and (iii) the court properly confirmed the judicial sale.

¶ 4 Background

¶ 5 In April 2007, Arthric Spivey-Hillman borrowed $148,000 from Indymac Bank, F.S.B, secured by a mortgage on her home. This loan was later modified and assigned to Deutsche Bank National Trust Company as Trustee for IndyMac Indy Mac INDX Mortgage Loan Trust 2007-FLX4, Mortgage Pass-Through Certificates Series 2007-FLX4. On February 7, 2018, Deutsche Bank filed a mortgage foreclosure complaint and served Spivey-Hillman by special process server. Spivey-Hillman did not answer or respond, prompting Deutsche Bank to seek a default judgment with notice to Spivey-Hillman. The trial court granted the motion and entered a foreclosure judgment order. Deutsche Bank notified Spivey-Hillman of the default and foreclosure judgment orders.

¶ 6 Deutsche Bank published the first notice of sale on September 24, 2018, setting the public sale for October 30, 2018. On October 23, Spivey-Hillman, representing herself, moved to stay the judicial sale. The trial court granted the motion, allowing Spivey-Hillman time to sell the property as she had requested. The property never sold. Between December 19, 2018, and

December 6, 2021, Deutsche Bank sent eight more notices of sale, none of which received a response from Spivey-Hillman..

¶ 7    On December 6, 2021, Deutsche Bank proceeded with the judicial sale. On the same day, Spivey-Hillman filed for Chapter 13 bankruptcy. The next day, citing the bankruptcy petition, Deutsche Bank voluntarily sought to vacate the sale, which the trial court granted.

¶ 8    Deutsche Bank issued another notice of sale in February 2022 and again in November 2022. On October 28, 2022, Spivey-Hillman, now through counsel, filed a combined emergency motion to stay the sale and vacate the default judgment. In her motion, she submitted a new loan modification application and asked for leave to file affirmative defenses, including claims that Deutsche Bank lacked standing and failed to send an acceleration notice. The court postponed the motion to vacate and stayed the sale until February 24, 2023.

¶ 9    On February 23, 2023, Spivey-Hillman filed another emergency motion to stay the sale scheduled for February 28, citing her application for loss mitigation and referencing the pending motion to vacate. On February 27, the court denied the emergency motion to stay, stating it would not rule on the motion to vacate. Deutsche Bank sold the property at a judicial sale on February 28, and the trial court confirmed the sale on March 10.

¶ 10                                  Analysis

¶ 11                              Motion to Vacate

¶ 12    Spivey-Hillman contends the trial court abused its discretion by failing to address her section 2-1301(e) motion to vacate. Granting a motion to vacate falls within the trial court's discretion. *Jackson v. Bailey*, 384 Ill. App. 3d 546, 548 (2008) (citing *Deutsche Bank National v. Burtley,* 371 Ill. App. 3d 1, 5-6, (2006)). We will not reverse absent an abuse of discretion or a denial of substantial justice. *Id*. A trial court abuses its discretion when it acts arbitrarily,

without conscientious judgment, or ignores recognized principles of law, resulting in substantial injustice. *See Mann v. Upjohn Co.,* 324 Ill. App. 3d 367, 377 (2001).

¶ 13   Spivey-Hillman claims that the trial court's "failure to act" amounted to an abuse of discretion. Deutsche Bank counters that she failed to preserve the issue by not requesting a ruling on her motion to vacate, citing *Commerce Trust Co. v. Air 1st Aviation Companies, Inc.*, 366 Ill. App. 3d 135, 137 (2006). There, the court held that a moving party is responsible for requesting ruling or else "it is presumed to have been abandoned absent circumstances indicating otherwise." See also *Prather v. McGrady*, 261 Ill. App. 3d. 880, 885 (1994) ("motion is not effectively made" unless brought to attention of trial judge and judge requested to rule); *Kristen B. v. Department of Children & Family Services*, 2022 IL App (1st) 200754, ¶ 51 (motion presumed abandoned unless ruled on and no special circumstances present).

¶ 14   Spivey-Hillman moved to vacate on October 28, 2022, and had five opportunities to ask the court to rule between October 2022 and February 27, 2023. Even after the court denied her emergency stay motion on February 27, Spivey-Hillman had 10 days before the hearing on confirming the judicial sale.

¶ 15   We agree with Deutsche Bank. As the moving party, Spivey-Hillman bore the responsibility to ensure the court ruled on her motion. She does not claim, and nothing in the record suggests, she asked for a ruling either when the court denied her emergency stay or before the court confirmed the sale. Thus, Spivey-Hillman motion is deemed abandoned, and she cannot now assert that the trial court erred because it did not rule.

¶ 16   Substantial Justice

¶ 17   Spivey-Hillman argues the trial court denied her substantial justice by ignoring her motion to vacate, which included meritorious defenses never considered. To decide if the trial court

denied substantial justice, we analyze (i) the party's diligence, (ii) the presence or absence of meritorious defenses, (iii) the severity of penalty resulting from the default order, and (iv) the hardship on the parties in granting or denying default order. *CitiMortgage, Inc. v. Moran,* 2014 IL App (1st) 132430, ¶ 24 (citing *Northern Trust Co. v. American National Bank & Trust Co. of Chicago,* 265 Ill. App.3d 406, 412 (1994)).

¶ 18    First, we examine whether Spivey-Hillman proceeded with diligence. In *CitiMortgage, Inc.,* the court found a lack of diligence when the defendant filed two days late without leave of the court, having waited eight months from when the plaintiff filed its original motion for default and never set the motion for a hearing. *Id*. ¶ 45.

¶ 19    Likewise, Spivey-Hillman lacked diligence. She waited almost three full months after the default judgment had been entered and nine months after the filing of the original foreclosure complaint. And despite five court appearances over four months, she never pushed for a hearing on the motion.

¶ 20    Next, we assess the validity of her defenses. Her defenses include that Deutsche Bank did not have standing and failed to send an acceleration notice. Deutsche Bank counters that neither of these affirmative defenses have merit.

¶ 21    The legal holder of indebtedness must attach the note and mortgage to establish standing. *US Bank, National Ass'n v. Avdic*, 2014 IL App (1st) 121759, ¶35. That "a copy of the note is attached to the complaint is itself *prima facie* evidence itself that the plaintiff owns the note." *Id*. ¶ 37. Deutsche Bank filed its original complaint and attached a copy of the mortgage and the note as exhibits. Thus, Spivey-Hillman's standing argument lacks merit.

¶ 22    Spivey-Hillman's second affirmative defense argues Deutsche Bank failed to send her an acceleration notice as the mortgage required. Deutsche Bank counters that *CitiMortgage, Inc.*

*v. Bukowski* held that failure to provide acceleration notice "is not a proper affirmative defense as it does not 'give color' to [the] complaint but, rather, is an assertion that [plaintiff] has not satisfied a condition precedent to its right to bring suit," an attack on the ability to maintain the action instead of a "new matter that defeats the claim." *CitiMortgage, Inc v. Bukowski*, 2015 IL App (1st) 140780, ¶16. We agree and follow *Bukowski*.

¶ 23    Lastly, regarding the severity of the penalty resulting from the default order and the hardships to the parties, Spivey-Hillman's lack of diligence and unconvincing defenses demonstrate the trial court did not deprive her of substantial justice on her motion to vacate.

¶ 24                         Order Confirming Judicial Sale

¶ 25    Spivey-Hillman contends the trial court abused its discretion by confirming the judicial sale. A trial court will confirm the sale unless it finds (i) improper notice of sale, (ii) unconscionable sale terms, (iii) fraud or a fraudulently conducted sale, or (iv) justice was not otherwise done. 735 ILCS 5/15-1508(b) (West 2022). She argues justice was not otherwise done as the trial court failed to rule on her pending motion to vacate the default judgment, leaving material questions of fact on her affirmative defenses unanswered. We are unpersuaded. Like the 2-1301(e) motion to vacate defense, Spivey-Hillman had four years to raise and set the motion for hearing. She was not denied substantial justice as no grounds exist for finding justice was not done under a section 15-1508(b) claim.

¶ 26    Affirmed.